### GEORGE L. CLANTON, Respondent, v. TRAVELERS' PROTECTIVE ASSOCIATION, Appellant.

#### St. Louis Court of Appeals, March 31, 1903.

1. **Insurance, Accident:** PROOFS OF LOSS: SETTLEMENT AND ACQUITTANCE. The proofs of loss made by plaintiff, injured by accident to the defendant insurance company, stated the exact amount claimed by him, the time he was completely disabled, the date of his recovery sufficient to resume his usual occupation; the proofs were accepted, and the exact amount that he claimed was paid him, for which he signed a full and complete acquittance. *Held,* a bar to any further recovery of indemnity on account of the injury.

2. ————: PROOFS OF LOSS, CONDITION PRECEDENT: NO SUBSEQUENT PROOFS, NO RECOVERY. Where, under a contract for accident insurance, it was a condition precedent to insured's right to recover indemnity that he would, within sixty days after the loss, furnish proofs thereof to defendant, which proofs of loss he made up to a certain date, but made no other proofs of any loss thereafter. *Held,* that he could not recover for any loss subsequent to such date.

Appeal from Audrain Circuit Court.—*Hon. E. M. Hughes,* Judge.

REVERSED.

#### STATEMENT.

Omitting caption the petition is as follows:

"Plaintiff states that the defendant is a corporation organized under the laws of the State of Missouri

and had been such corporation since the ninth day of June, 1890.

"That said corporation has power to provide an indemnity fund and aid and assist its members who may be maimed, crippled or disabled by accidents; and it has a large membership holding policies providing for indemnity against accidents.

"And this said defendant did issue to this said plaintiff a certificate or policy providing such indemnity on the first day of January, 1896, which certificate is herewith filed.

"That said corporation has a charter and by-laws, and section 3, of article 9, of the constitution of said association provides as follows: 'Whenever a member of this association, in good standing, shall, through external and accidental means, receive bodily injuries, which shall, independently of all other causes, immediately and wholly disable him from transacting any and every kind of business pertaining to his occupation, as shown by the records of this association, he shall be paid for the loss of time occasioned thereby the sum of $25 per week, not exceeding fifty-two consecutive weeks. But such sum shall not be paid in addition to benefits received under section 2 of this article.'

"That on the — day of March, 1900, while this said plaintiff was a member of said association, he did suffer an accident to his left ankle and leg, received through external and accidental means, which did, independent of all other causes, wholly and immediately, disable him from transacting any and every kind of business pertaining to his occupation, to-wit, that of a traveling salesman.

"That the said plaintiff did, immediately after receiving said accident, furnish to the defendant an affidavit by himself, together with an affidavit of a local physician residing at Mexico, Missouri, where said accident took place. And did also furnish defendant all proofs required by it of said accident, and the said de-

fendant did, on the — day of June, pay to the said plaintiff the sum of $164.28 for loss of six weeks and four days time.

"But at the time of said payment this said plaintiff had not recovered from the effects of said accident and defendant was so informed.

"And shortly before said payment, to-wit, on the — day of July, 1900, this plaintiff, before having recovered from the effects of said accident and while his said ankle and leg were still sore from the effect of the same, did lightly strike the said sore on his said leg and ankle so as to inflame the same and cause a relapse.

"That plaintiff did notify said defendant again of his relapse and of the fact that he had not fully recovered from the accident as above set forth.

"That defendant, on the eleventh day of June, 1900, and before the said defendant had paid him the amount aforesaid, did receive from him his annual dues, which continued him as a member of said association and entitled him to all of the benefits thereof until the first day of January, 1901.

"That said plaintiff continued unable to perform his usual avocation, and was totally disabled from performing his usual avocations and duties until the first day of January, 1901.

"That said defendant has failed and refused to pay to said plaintiff the indemnity provided for in the certificate, herewith filed, and in the constitution and by-laws.

"That defendant is indebted to plaintiff for indemnity at the rate of $25 per week since the twenty-eighth day of April, 1900, amounting in all to the sum of $900.

"Wherefore plaintiff prays judgment against said defendant for said sum of $900 with interest thereon since the first day of January, 1901, and for costs."

The answer is a general denial and contains the following affirmative clauses:

"Now comes said defendant, leave of court first being had and obtained, and for its amended answer to plaintiff's petition, denies each and every allegation therein contained except as hereinafter expressly admitted.

"Defendant further admits that on the — day of June, 1900, it paid to said plaintiff the sum of $164.28, but alleges that said payment was accepted by said plaintiff in full settlement of all liability upon the part of the defendant for injuries received by him growing out of the alleged accident of March 13, 1900, and denies that said sum of $164.28 was received by plaintiff only as a part payment for said alleged injuries.

"Now having fully answered, defendant prays to be dismissed with costs."

The reply contains the following clause:

"Plaintiff further says that it is not true that he accepted said $164.28 so paid to him in full settlement of his claim on account of said injuries, and further says that at the time said amount was paid defendant well knew that the same was not paid in full satisfaction of said claim, and any receipt given to said defendant on account of said damage was delivered to defendant when both parties well knew and understood that said receipt was given for a part payment only on account of said damage, and if said receipt so given contains any statement that said payment was in full settlement of said claim for damage it was not so intended by either party hereto and was wrongfully obtained from plaintiff."

Plaintiff offered evidence tending to prove the allegations of his petition, and that he was totally disabled by reason of the injuries alleged to have been received and that he was unable to resume his occupation from April 28, 1900, to January 1, 1901.

The following sections from the constitution and by-laws of the association were read in evidence:

"Sec. 2. Five thousand dollars shall be paid to the beneficiaries named in the certificate of any deceased

member, in case of death by accident; $2,500 in case of the loss of both arms or both legs; $1,500 in case of loss of one hand and one foot; $1,000 in case of loss of one arm or one leg; $2,500 in case of loss of one arm and one leg; $1,000 in case of loss of one hand or one foot; $1,000 in case of loss of one eye; $5,000 for loss of both eyes; provided such death or loss shall occur within three calendar months after the accident which caused it, and such accident be within the limitations and conditions of the benefit certificate. ·

"Any member of this association who may have joined prior to July 1, 1894, can accept the above benefits when he surrenders the certificate issued prior to above date, and every member shall accept such benefit not later than January 1, 1895.

"Sec. 3.    Whenever a member of this association, in good standing, shall, through external and accidental means, receive bodily injuries, which shall, independently of all other causes, immediately and wholly disable him from transacting any and every kind of business pertaining to his occupation, as shown by the records of this association, he shall be paid for the loss of time occasioned thereby, the sum of $25 per week, not exceeding fifty-two consecutive weeks.    But such sum shall not be paid in addition to benefits received under section 2 of this article.

"Sec. 6.  All claims for benefits or indemnity under the benefit certificate of a member must be accompanied by the affidavit of the claimant, together with the affidavit and certificate of one or more local physicians where the death or injury by accident happened, setting forth fully the cause and nature of the death or injury to the member, and also a certificate covering the same facts by two members of the same state division, when possible, or by a similar certificate of two reputable citizens of the vicinity where the death or injury occurred.    Such certificates must be furnished within sixty days after the death resulting from such accident,

or recovering from such injury, and there shall be no liabilities upon the part of this association unless this is done.

"Sec. 7.   Any member meeting with an accident must notify by writing the state secretary of the division of which he is a member, or the national secretary, within ten days of such accident, giving full particulars of same, and name of attending physician.   In case of failure to so notify, except because of unconsciousness, or physical inability, the member shall forfeit all right to insurance benefits."

On May 7, 1900, plaintiff made out and swore to his proofs of loss and forwarded the same to the defendant association.   In these proofs the following questions and answers are found:

"Q.   How long were you confined to your bed?   A. Not at all.

"Q.   How long were you confined to the house? A.   I was not outside of the hotel for two weeks.

"Q.   How long were you completely disabled from attending to the duties of your occupation?   A. . From March 13th to April 28.

"Q.   When did you first begin after said injury to attend to any part of your business or occupation? A.   April 28th.

"Q.   For what length of time do you claim indemnity for total disability?   A. I claim six weeks and four days indemnity for total disability."

On June 29, 1900, defendant wrote and mailed to plaintiff the following letter:

"June 29, 1900.

"Mr. Geo. L. Clanton,

Ringo Hotel, Mexico, Mo.

"Dear Sir:   Enclosed find check for $164.28 in full settlement of your claim for indemnity against this association.   Kindly acknowledge receipt.   You will note that it is necessary to sign and deposit receipt with

check, as our bank will not pay these indemnity checks unless accompanied by the receipt.

"Yours respectfully,

"L. T. LaBeaume,

"National Secretary."

The above letter contained the following inclosures:

"Travelers' Protective Association of America.
No. 2117.

"This check will not be paid if detached from receipt, or if the receipt is not signed by the claimant.

"St. Louis, Mo., June 28, 1900.

"Pay to the order of Geo. L. Clanton, $164.28 (one hundred and sixty-four dollars and twenty-eight cents).

"Travelers' Protective Association of America.

"Wm. N. McConkin,

"Chairman Board of Directors, President.

"Louis T. LaBeaume,

"Secretary and Treasurer.

"American Exchange Bank, St. Louis.

"This check will not be paid if detached from the receipt, or if the receipt is not signed by the claimant."

"Claim No. 4175.

"Certificate No. 18346.

"Know all men by these presents, that I, Geo. L. Clanton, in consideration of the sum of one hundred and sixty-four dollars and twenty-eight cents ($164.28) to me paid by the Travelers' Protective Association of America, the receipt whereof is hereby acknowledged, do hereby release and forever discharge the said Travelers' Protective Association of America from all liability for, or on account of accidental injuries received by me on or about the thirteenth day of March, A. D. 1900.

"Witness my hand and seal at Mexico, Mo., this thirtieth day of June, A. D. 1900.

"GEO. L. CLANTON, Claimant.
"Done in the presence of S. M. Locke."

The plaintiff received the letter and its inclosures, signed the above voucher and release, indorsed the check and cashed it at the Mexico Savings Bank, which bank forwarded it to its correspondent at St. Louis, where is was duly presented to the American Exchange Bank and by it paid.

The plaintiff testified that after getting the check and release, he read over the same and signed it and indorsed the check, took it to the Mexico Savings Bank, where it was cashed, and the check and release were sent to St. Louis by the bank. That he had no conversation with any of the national officers at the time, or after he got the check, it having come to him through the mail in the letter above.

At the close of plaintiff's evidence defendant offered an instruction in the nature of a demurrer thereto which the court refused.

Defendant offered no evidence.

The court gave the following instruction to the jury:

"The court instructs the jury that if you believe from the evidence in the case that the plaintiff, on or about March 13, 1900, through external and accidental means, that is, by an accident, and while being a member in good standing of the defendant association, did receive a bodily injury, that is, an injury to his left leg, which was the cause of, and did immediately and wholly disable him from carrying on the business of a traveling salesman, and he did continue in such condition from the time of the accident till January 1, 1901, then you will find for plaintiff at the rate of twenty-five dollars per week from April 28, 1900, to December 31, 1900,

inclusive, and from January 1, 1901, till the present date.''

The jury returned a verdict for plaintiff for $900.

After an unavailing motion for new trial, defendant appealed.

*Orlando Hitt* and *Henry T. Kent* for appellant.

(1)   The circuit court erred in not instructing a verdict for defendant at the conclusion of plaintiff's testimony.   (2)   The circuit court erred in not holding that the acceptance of the check of $164.28, and the signing of the release on June 30, 1900, was not a complete bar to plaintiff's action.   (3)   The release signed by plaintiff states on its face that in consideration of payment of $164.28, he released and forever discharged the defendant from all liability on account of accidental injuries received on 13th day of March, and there being no evidence or claim that said release was fraudulently or wrongfully obtained, the court erred in not holding the release a complete bar to plaintiff's action.   (4) That on the theory of plaintiff's case the plaintiff was under total disability on or about the 30th day of June, 1900, and the acceptance on that day, before the payment for the alleged injury was due, of the sum of $164.28, and a full release signed for all liability on account of said injury, was a complete bar to plaintiff's action, and the court erred in not so holding.   The law is plain that where, under the contract of insurance, proof of an injury is required, the same is a condition precedent to recovery.   McFarland v. Accident Association, 124 Mo. 204; McCullough v. Phoenix Ins. Co., 113 Mo. 54; Maddox v. Ins. Co., 56 Mo. App. 343.

*Geo. Robertson* for respondent.

(1)   A disputed claim may be settled by an agreed payment of a part in liquidation of the whole.   But if the claim be undisputed, a part payment will not ex-

tinguish the remainder of the indebtedness, there being
no consideration to validate such discharge. Helling
v. United Order of Honor, 29 Mo. App. 309; Swafford
Brothers D. G. Co. v. Goss, 65 Mo. App. 55. (2) And
this is true notwithstanding the parties may have agreed
that such part payment shall extinguish the whole in-
debtedness. Curtiss v. Browne, 63 Mo. App. 431. In
order to create an accord and satisfaction there must be
executed a new contract founded upon a new considera-
tion. Nassoidy v. Tomlinson, 148 N. Y. 326. (3) The
receipt in full given upon the settlement of a claim is
restricted to the specific matter of the claim and will
not include something to become thereafter due. Beach
on the Modern Law of Contracts, sec. 384. (4) The
appellant claims to have found a case "on all fours"
with the case at bar, in Wood v. Mass Mut. Acc. Assn.,
172 Mass. 54, N. E. 541. But an examination of this
case will disclose much lacking of a case in point.

BLAND, P. J.—1. The questions presented by the
record in this case are, first, whether or not the plain-
tiff by his proofs of loss and by his release and dis-
charge of the defendant from all liability, for or on ac-
count of accident received by him on March 13, 1900, on
the payment to him by defendant of $164.28, on June
30, 1900, and, second, whether by his failure thereafter
to make any further proofs of loss, he is precluded from
recovering any additional sum by reason of complete
disability to pursue his usual avocation after April 28,
1900, notwithstanding the disability after April 28, was
the result of the injury received by the accident of
March 13, 1900.

Plaintiff made proofs of loss in which he stated
the exact amount he claimed as an indemnity, the exact
time he was completely disabled as a result of the acci-
dent, the date he recovered sufficiently to resume his
usual occupation, and the date when he did resume his

occupation and made affidavit to these facts. The defendant accepted his proofs and paid him to a cent the amount of indemnity he claimed he was entitled to and took from him a full and complete acquittance.

Plaintiff in his answer says the payment was one for indemnity up to the date of his proofs of loss and was not intended to cover future indemnity resulting from the same accident, and in his evidence he stated that when he made and forwarded the receipt he at the same time mailed a letter to defendant notifying it that he had not recovered from the injury. A mere letter could not qualify or in the least affect the acquittance he executed and delivered in consideration of the payment of the indemnity to him by the company; and this acquittance, executed in the circumstances shown in evidence, is a complete bar to a further recovery of indemnity on account of the injury alleged.

2. It is contended that plaintiff was ignorant at the time he executed the release that he would be thereafter totally disabled as a result of the injury. His testimony tends to show that after he had received the indemnity and resumed his occupation he accidently abraded the wound, then about healed, which abrasion caused it to become so sore and inflamed as to disable him until about January 1, 1901. It seems to us that this subsequent disability was not the natural and proximate result of the original accident, but was the result of injury caused by a later accident to the old wound. But whether or not plaintiff's disability after April 28th, was the result of the original accident, or was the accumulated results of that and the subsequent injury, is immaterial as he made no proofs of loss after April 28, 1900. It was a condition precedent under his contract of insurance to entitle him to sue for and recover indemnity for any period that he was disabled that he should within sixty days after the loss furnish proofs thereof to the defendant. Bickford v. Travelers' Ins. Co., 67 Vt. 418. Plaintiff made no proofs of any loss

suffered after April 28th, and for this reason, if for no other, is not entitled to recover. Burnham v. Ins. Co., 75 Mo. App. 394; Maddox v. Ins. Co., 56 Mo. App. 343; Porter v. Ins. Co., 62 Mo. App. 520; LaForce v. The Williams City Ins. Co., 43 Mo. App. 518; Sims v. Ins. Co., 47 Mo. 54.

The judgment is reversed. *Reyburn*, and *Goode*, *JJ.*, concur.