HALL-BAKER GRAIN COMPANY, Respondent, v. S. C. LEMAR, Appellant.

**Kansas City Court of Appeals, March 4, 1907.**

**SALES: Delivery: Performance: Time of.** The vendor agreed to deliver certain grain during the first half of December. On the fifteenth of that month the vendee bought the grain at an advanced price in the open market and at once notified the vendor of his purchase and demanded damages for non-performance of the contract. *Held*, the vendor had the whole of the fifteenth in which to perform his contract and the vendee's action was premature though there was no grain to be bought at the place of delivery nor did the vendor intend to deliver. But he who seeks to recover on the letter of his contract must show he lived up to the letter thereof.

Appeal from Bates Circuit Court.—*Hon. Chas. A. Denton,* Judge.

REVERSED.

*Templeton & Hales* for appellants.

The evidence in this case shows that plaintiff, without having waited until the end of the time designated in the contract for the delivery of the corn in question by the defendant to the plaintiff, went upon the "floor of the exchange" at Kansas City, and bought the corn and so notified the defendant of such fact. This released the defendant from the performance of the contract on his part, he, defendant, not having previously notified plaintiff that he would not make delivery of the

corn contracted to be delivered to plaintiff. Mercantile Co. v. Lusk, 6 Kan. App. 629; Robb-Bort Gr. Co. v. G. A. Jones, — Kan. App. —; 2 Benjamin on Sales, (3 Ed.), p. 894.

*Meservey, Pierce & German* for respondent.

We understand the law to be that where one party to a contract is notified by the other party that he has repudiated the contract, and will no longer abide by it, the first party may then bring his action to recover the damages occasioned by the annulment of breach. Lumber Co. v. Warner, 93 Mo. 374; Gabriel v. Brick Co., 57 Mo. App. 520; Chapman v. Railway Co., 146 Mo. 493.

BROADDUS, P. J.—On the third day of October, 1905, the defendant contracted with plaintiff to sell and deliver to it, f. o. b. Missouri Pacific Railway tracks at Rich Hill, Adrian or Butler, Missouri, or at all of said places, twenty-five thousand bushels of corn of No. 3 grade or better, at the agreed price and sum of thirty-five cents per bushel if delivered in November, 1905, or if delivered during the first half of December, 1905, thirty-five and three-fourths cents per bushel. According to the contract the corn was to be billed to West Wego, Louisiana. The corn was not delivered to plaintiff in the month of November, nor at the date of December 15, on which date plaintiff upon the floor of the Kansas City Exchange bought twenty-five thousand bushels of corn of the grade named in the contract at the price of forty cents per bushel, and immediately on that date notified defendant of its purchase of corn and requested him to remit to plaintiff the amount of damages plaintiff claimed it had sustained by reason of his failure to deliver the corn under his contract. The plaintiff's suit is to recover said damages. Attention will be given to other evidence in the course of the opinion. The trial resulted in a verdict and judgment for plaintiff from which defendant appealed.

The defendant contends that under the evidence the plaintiff was not entitled to recover for the reason that under the contract he was entitled to at least the whole day of the fifteenth of December to deliver the corn sold and that there was no breach of the contract on the afternoon of said day, and that plaintiff's declaration that there had been a breach of the same at that time was premature.  The plaintiff contends that as defendant had notified it some days previous to said fifteenth day of December of his intention not to deliver the corn, it had the right to act upon such notice and go upon the market and buy other corn to supply the place of that provided for in the contract.

The evidence was, however, that a short time previous to the fifteenth day of December defendant had corn on hand which the plaintiff wanted defendant to deliver, but that defendant refused to deliver that corn and he placed his refusal upon the ground that at that time it was worth more money than the contract price. But under his contract he was not bound to deliver the corn at that time as he had several days yet to do so. And he did not notify plaintiff at any time that he would not deliver the corn within the time limited by his contract.  The plaintiff acted prematurely in buying other corn to supply the place of that provided in the contract, and in demanding damages of defendant for failure to deliver such corn in time, as the defendant was entitled to the full half of the month of December to make such delivery.  The time had not expired at two o'clock on the fifteenth of December.  At least, he was entitled to the whole of that day to comply with his contract.  [2 Parsons on Contracts, star page 661, 662.] It is true that the evidence showed that there was not sufficient corn at the places mentioned available for delivery on December 15th; and the evidence also tends to show that it was not the intention of defendant to comply with his contract.  But however that may have been,

the premature action of the plaintiff obviated any necessity upon the part of defendant to comply with the contract as he had been notified by plaintiff that it had bought other corn and demanded damages of him for failure to make such delivery.

We take it for granted that a party in order to recover on his contract must first show a compliance with its terms on his part or his willingness to do so, and that he was prevented from complying by the action of the other contracting party. It is but common justice to require a party who seeks to recover upon the letter of his contract to show that he has lived up to the letter of the same himself.

The defendant asked the court under the evidence to direct the jury to return a verdict in his favor which the court refused. This was error. Under the evidence defendant was entitled to a verdict. Reversed. All concur.