COMMONWEALTH BONDING & CASUALTY INS. CO. v. KNIGHT. (No. 564.)

(Court of Civil Appeals of Texas. El Paso. April 27, 1916. Rehearing Denied May 18, 1916.)

1. INSURANCE ⊕═559(2) — ACCIDENT INSURANCE—PROOF OF LOSS.

Proof of loss is waived when the insurer denies all liability under the policy.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1391, 1392; Dec. Dig. ⊕═559(2).]

2. ABATEMENT AND REVIVAL ⊕═20—PREMATURE ACTION—ABATEMENT.

Where the cause of action on an accident insurance policy has not matured, the action is premature, and will be abated for that reason.

[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 140–143; Dec. Dig. ⊕═20.]

3. INSURANCE ⊕═597 — ACCIDENT POLICY — CONSTRUCTION.

An accident policy provided that, if any bodily injury should immediately and continuously from the date of the accident disable and prevent the insured from performing any and every duty pertaining to his business or occupation, indemnity at the rate of $35 per month should be paid for a period not exceeding 24 consecutive months, but only while the insured should be under regular treatment of a physician. Under the head "General Agreement" the policy declared that proof of loss should be given within 90 days after death, injury, or termination of disability, while a subsequent paragraph declared that final proof in all cases should be given in accordance with the general agreement. Held that, despite any hardship it might work on the insured, he was not entitled to payment of benefits for total disability until the period of disability had ceased.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1493; Dec. Dig. ⊕═597.]

Appeal from Taylor County Court; E. M. Overshiner, Judge.

Action by J. A. Knight against the Commonwealth Bonding & Casualty Insurance Company, begun in justice's court, and appealed to county court. From a judgment there for plaintiff, defendant appeals. Reversed and dismissed.

S. P. Hardwicke, of Abilene, for appellant. Kirby, Scarborough & Davidson, of Abilene, for appellee.

HARPER, C. J.    Knight filed this suit against the appellant insurance company in the justice court on the 20th day of February, 1915, to recover $35 accident insurance. On the 24th day of March, 1915, he amended his petition and asked for $70. The insurance company filed plea in abatement, which was sustained, and Knight appealed to the county court, and there amended, claiming five months had expired, for which he asked $175. To this last pleading the insurance company filed its plea in abatement upon the ground that there was no liability on the policy until after proof of injury filed after the total period of disability; that the policy was not payable by the month. In the county court the cause was tried without a jury and judg-

ment rendered for appellee for $175 for the five months preceding the filing of the last petition, which judgment expressly reserved to appellee his right to sue for succeeding liability. From this judgment the insurance company appealed.

There are several assignments of error urged in the brief, but, having determined that the suit was prematurely brought, the others become unimportant.

### Findings of Fact.

The accident and injury occurred on the 11th day of January, 1915. The suit was filed in the justice court on the 20th day of February, 1915. The evidence of plaintiff and his physician is that he is totally disabled from doing his usual work.

[1-3] The policy sued on is dated January 11, 1915, and insures against loss or disability resulting from accidental means for a period of one year. Under the heading "Monthly Accident Indemnity—Total Disability":

"If any bodily injury as above defined, not resulting in a loss specified in part 1, shall immediately, wholly, and continuously from date of accident disable and prevent the insured from performing any and every duty pertaining to his business or occupation, indemnity is payable at the rate of $35.00 per month, for a period not exceeding twenty-four consecutive months, and only while the insured is under the regular treatment of a legally qualified physician or surgeon by reason of such injury."

Paragraph 5, under head of "General Agreement," contains the following:

"Written notice * * * must be given * * * of any accident, * * * etc. Written proof of loss must be given to the company within ninety days from the date of death, * * * loss of sight, * * * or termination of disability from bodily injury or illness. * * * No legal proceedings for recovery hereunder shall be brought within. ninety days after the receipt of proof by the company as aforesaid."

In paragraph 9 it is provided:

"Final proof in all cases must be given in accordance with clause five of the general agreements."

The question here is not proof of loss, but at what time does the indemnity become due that suit may be brought either with or without proof of loss? Proof of loss is waived when the insurer denies all liability under the policy. Sun Mutual Co. v. Mattingly et al., 77 Tex. 162, 13 S. W. 1016. Unless the cause of action has matured, the suit is prematurely brought and subject to be abated for that reason. Life Ins. Co. v. English, 96 Tex. 268, 72 S. W. 58; Culbertson v. Cabeen, 29 Tex. 254.

Clearly the terms of the policy are, that proof of loss must be given to the company after the determination of disability, and that no legal proceeding should be brought until after receipt of such proof. When did the disability on account of the accident terminate? If it had been the loss of a hand or leg, there could be no question, and there would be one payment, so it seems equally

clear that the insurer, by the terms of this policy, has provided for only one proof of loss and one settlement, all after the disability had terminated, instead of each month for possibly the life of the policy, 24 months. Appellee in his recovery must be held to the plain terms of the policy in his recovery; for there is no claim that he was mistaken as to its terms.

We recognize the force of the appellee's argument that the day-laborer who by accident was disabled from work might believe that each month that he was so disabled he would. receive the $35 provided for in his accident policy, but, if there is nothing in the policy upon which to base such belief, and there is no pleading nor proof that such provisions. were left out by fraud, accident, or mistake, the insured must take according to the provisions of his policy or not at all.

The indemnity not having become due at the time this suit was filed, it was prematurely brought, and the trial court should have sustained the plea in abatement.

The cause must therefore be reversed and dismissed.