INTERNATIONAL TRAVELERS' ASS'N v. POWELL et al. (No. 720.)

(Court of Civil Appeals of Texas. El Paso. June 14, 1917. Rehearing Denied June 28, 1917.)

1. INSURANCE ☞618—MUTUAL BENEFIT INSURANCE—PLACE OF SUIT—STIPULATIONS OF CERTIFICATE.

In view of Rev. St. art. 4744, providing that suit on policies may be brought against any accident insurance company in the county where the home office is located or where the loss occurred or the policy holder resides, action was properly brought in the county of the policy holder's residence, notwithstanding a provision of the certificate that suit should be brought in the county of the home office.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1536–1539.]

2. INSURANCE ☞550—MUTUAL BENEFIT—ACCIDENT INSURANCE—LIABILITY.

In view of Rev. St. art. 4807, providing that on receipt of satisfactory proof of accident and loss the company is liable for the payment of the sum promised by the policy, a by-law providing that any member who shall file a claim with said officers before his total or partial disability ceases, by so filing his claims, waives all rights to additional benefits, does not prevent recovery of the full amount promised in the policy.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1337, 1359–1361.]

3. INSURANCE ☞152(1)—MUTUAL BENEFIT—ACCIDENT INSURANCE—LIABILITY.

Where an accident company agreed to furnish a copy of its by-laws to the insured, but failed to do so, and the insured had no knowledge of a condition in the by-laws making a claim for partial disability final and precluding recovery of a greater amount, he was not bound thereby.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 312.]

4. INSURANCE ☞550—ACCIDENT INSURANCE—MUTUAL BENEFIT—LIABILITY.

The insured under an accident policy does not forfeit his right to additional insurance by filing claim for partial disability when the claim was prematurely filed, and the insurer was not lawfully bound to pay it until the full amount suffered had accrued and proof had been made.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1337, 1359–1361.]

5. INSURANCE ☞550—MUTUAL BENEFIT—ACCIDENT INSURANCE—LIABILITY.

Where by-laws provided that in making proof of partial loss the insured waived further claim, the insurer could not defeat an action for additional sums unless it had paid the initial claim and insured had waived the benefits.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1337, 1359–1361.]

6. INSURANCE ☞558(4)—MUTUAL BENEFIT—ACCIDENT INSURANCE—LIABILITY.

An accident insurer cannot defeat a claim for insurance on the ground that there was no proof of loss where the assignee of insured made application for blanks upon which to make the proper claim and was refused.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1387.]

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**7. INSURANCE ☞602—ACCIDENT—PENALTIES.**

Before the penalty provided for by Rev. St. 1895, art. 3071, of 12 per cent. damages for failure to pay a claim can be imposed, a demand for payment must be made, and evidence of the furnishing of proofs of loss and a statement that the company refused to pay is not sufficient.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1498.]

Appeal from District Court, Erath County; J. B. Keith, Judge.

Action by E. A. Powell and another against the International Travelers' Association. Judgment for plaintiffs, and defendant appeals. Affirmed.

Seay & Seay, of Dallas, and W. W. Moores, of Stephenville, for appellant. E. E. Solomon and R. L. Thompson, both of Stephenville, for appellees.

HARPER, C. J. There is no statement of facts in the record. The trial court made the following findings of fact as applicable to the points raised by the assignments of error. We copy therefrom and make same our findings of facts:

November 29, 1913, M. C. Senter became a member of the International Travelers' Association. The application for membership contained the following stipulation:

"I agree, if accepted as a member, * * * that the manner and amount of the benefits to be paid shall be those only which may be provided for in the by-laws in force and effect at the time the accident occurred, which, with the certificate of membership and this declaration, shall constitute the contract between myself and the association. I further agree that all suits against said association growing out of the certificate of insurance issued on this shall be filed in the city and county of Dallas, Texas, and I hereby expressly waive my right to file said suit at any other place, etc. I agree to comply with all the requirements of the by-laws of said association as they now exist or may hereafter be amended."

It was further found that at the time of the application and issuance of certificate and at the time of the injury and trial there was a duly enacted and existing by-law in substance as shown below.

"I find that on or about December 2, 1913, upon said application for membership, the International Travelers' Association issued to said M. C. Senter a certificate of membership, or policy of insurance, which, among other things, provided: 'M. C. Senter does hereby and by the acceptance of this certificate agree that all suits that may be filed on this certificate, or that may grow out of this contract shall be filed in the city and county of Dallas, state of Texas, and this shall bind his beneficiary and legal representatives as well as himself.'

"I find that the defendant, the International Travelers' Association, is the character of corporation as pleaded, to wit, a corporation having no capital stock, and that the purpose for which it is incorporated is to engage in the business of mutual assessment accident insurance, and its business is conducted on the assessment plan without lodges; that its principal office and place of business is now in Dallas, Dallas county, Tex., and has continuously been so since its incorporation in the year 1903; that before the filing of these suits or the issuance of citation, nor at the time of filing of said suits, nor at the issuance of the process therein, nor at this time, it has not had a local agent in Erath county,

Tex., nor did it have a local agent at any of the times mentioned herein.

"I find that in the certificate issued to said Senter, among other things, is provided: 'There shall be payable to said member in case of bodily injuries which are caused solely and exclusively by external, violent, and accidental means, not resulting in death, and within ninety days after the receipt by said association of satisfactory proofs of the happening of such injury, the sum of $25.00 per week for total disability for not to exceed 104 consecutive weeks.'

"I further find that after designating the various benefits under the policy, including the one above mentioned, that said certificate further provides: 'And the same is payable within ninety days after receipt by said association of satisfactory proofs of the happening of any such injury, and any and all such payments, or liability to pay, shall be and is in accordance with and subject to each and all of the provisions of the by-laws of said association and of the provisions, and any and all amendments, alterations, and new issues of such by-laws, which said by-laws are hereby referred to and made a part hereof as fully as if they were recited at length over the signatures hereto affixed, and which said amendments, alterations and new issues of said by-laws shall become a part hereof as fully as if they were recited at length over the signatures hereto affixed, as soon as such amendments, alterations or new issues of such by-laws respectively are or may be adopted, and the said M. C. Senter hereby, and by the acceptance hereof, agrees to abide, and be bound, by said by-laws, and each of them, and all lawful amendments, alterations or new issues thereof, or any of them. * * *'

"I further find that all dues and assessments under said policy have been paid, and that said policy and certificate were in force and effect on the 30th day of December, A. D. 1914.

"And I further find that on the 30th day of December, A. D. 1914, that the said M. C. Senter received bodily injuries which were caused solely and exclusively by external, violent, and accidental means, to wit, by the accidental discharge of a shotgun, and that he was totally disabled as a result of said injuries for a period of 61 weeks.

"I further find that on the 27th day of September, A. D. 1915, that M. C. Senter made affidavit of claim and proofs of claim for indemnity, which was duly executed by the said M. C. Senter and sworn to before a notary public of Erath county, Tex., and that the same was on that date mailed to the International Travelers' Association at Dallas, and was received by the said International Travelers' Association on the 28th day of September, A. D. 1915. I further find that said proofs of claim among other things contained the following questions and answers and provisions:

"'Q. 29. How long were you wholly disabled in consequence of said injury from attending to each and every one of your business duties? (Give the length of time and between what dates.) A. December 30, 1914, to September 28, 1915.

"'Q. 30. How long were you partially disabled from attending to your business? A. September 28th to October 28th, one month estimated.

"'Q. 31. When did you first begin after your injury to attend to some part of your business or occupation? A. Have not begun to attend to any duties as yet.

"'Q. For what length of time do you claim indemnity? A. I claim December 30, 1914, to October 28, 1915, indemnity, which when paid shall be in full satisfaction and final settlement of all claims I have, or may have, against the association for loss of time resulting from the above-named injuries.'

"I further find that on the 27th day of Sep-

tember, 1915, when M. C. Senter filed his affidavit and claim for loss and indemnity, he was at that time totally disabled from said injury, and that his total disability continued for a period of 20 weeks thereafter, and that said affidavit was filed with knowledge that his total disability continued to exist, and for the purpose of securing an advancement from the company to that date, but not as a release of future indemnity for continued disability.

"I further find that at the time of all the transactions involved in this litigation that there was a duly existing by-law of the International Travelers' Association, being part of article 7, which reads as follows: 'Any member who shall file a claim with said officers before his total or partial disability ceases by so filing his claim waives all rights to additional benefits, and shall not be entitled to receive benefits on account of any additional total or partial loss of time than that stated in his said proofs of disability so filed before his total or partial disability, or both total and partial disability ceases.'

"I further find that the above proofs of claim were the only proofs of claim ever presented or offered by M. C. Senter, and that International Travelers' Association did not accept, act upon, or offer to pay said claim upon the proof presented.

"I further find that prior to September 27, A. D. 1915, and ever since said time, a part and portion of said funds due the said Senter under said certificate were being claimed by A. L. Self, his estate and his executor, and that since March 2, A. D. 1916, that C. G. Foust, as assignee of said M. C. Senter, has claimed said funds.

"I further find that prior to September 27, A. D. 1915, that the International Travelers' Association received from said Self, his estate or his administrator, notice of the fact that they claimed said funds, but there is no evidence that the association ever knew the amount of such funds claimed by said Self, his estate or legal representatives.

"I further find that prior to March 2, 1916, M. C. Senter made an equitable assignment to Self, or his legal representatives, of said fund to the extent of the principal of a note for $143.-90 and interest thereon, with attorney's fees, making a total to this time of $178.70.

"I further find that said M. C. Senter was indebted to Self, his estate or legal representatives, in the total sum of $660.52, including the $178.-70, for which last sum only said Senter gave an equitable assignment of the funds due from this certificate.

"I further find that on March 2, A. D. 1916, that the said M. C. Senter by a general deed of assignment, as provided for in the statutes of Texas for the benefit of creditors, made a deed of assignment to C. G. Foust for the benefit of creditors of the said Senter assigning all of his property, including whatever sums might be due upon said certificate as a result of this accident, to his said assignee, C. G. Foust.

"I find that since the 2d day of March, 1916, said C. G. Foust, as assignee, has claimed and continues to claim said funds, and that on or about April 9, A. D. 1916, that he went to the office of the International Travelers' Association in the city of Dallas and requested blanks for the purpose of filing additional proofs of loss, and was advised by the representatives of said association that they would not furnish him the blanks, nor did they intend to pay any greater sum than was specified in the proofs of loss made by Senter on September 27, 1915, as they construed this to be the extent of their liability under the circumstances.

"I find that $150 would be a reasonable attorney's fee in this case should an attorney's fee be allowed.

"I further find that at the time the said Senter made the application for insurance in question he was not furnished with copy of by-laws, and did not know what the by-laws contained and the party taking his application agreed to furnish him with a copy of by-laws, but failed to do so."

Powell, as administrator, brought suit against the International Travelers' Association and Senter to establish his claim against Senter and to impound the funds, if any, due from the International Travelers' Association. C. G. Foust, as assignee of said M. C. Senter, intervened, and asked that the funds due the said Senter be turned over to him. The International Travelers' Association answered, setting up its plea of privilege to be sued in Dallas county, Tex., and, subject to such plea, pleaded that on or about the 20th day of September, A. D. 1915, M. C. Senter filed with it proof of claim for indemnity for said accident, and fixed his total disability from December 30, A. D. 1914, to September 28, A. D. 1915, and thus claimed the sum of $1,-025, being 39 weeks' total disability and 4 weeks' partial disability, and by virtue of the by-laws of the International Travelers' Association waived any claim for any further or additional amount. It further asked that said M. C. Senter be made a party to the suit, and that all claimants of the fund be made parties so that its rights might be protected in the payment of the funds due by it, it having prior notice of various claims upon the fund.

The case was tried before the court without a jury. The plea of privilege was overruled, and judgment rendered in favor of Foust, as assignee, against the International Travelers' Association for $1,525 on the 24th day of July, A. D. 1916. Judgment was rendered in favor of Powell, as administrator, against Senter for $660.52. It was further ordered that $143.80 of this amount be paid out of the funds due from the International Travelers' Association.

All parties excepted and gave notice of appeal, but the International Travelers' Association alone perfected the same.

[1] The first assignment is that the court erred in overruling plea of privilege to be sued in Dallas county, because in the certificate of membership or policy of insurance it was stipulated and agreed that all suits should so be filed.

Article 4744, R. S. Tex. 1911, reads as follows:

"Suits on policies may be instituted and prosecuted against any * * * accident insurance company, in the county where the home office of such company is located, or in the county where loss has occurred or where the policy holder * * * instituting such suit resides."

And it is held in International Travelers' Association v. Branum, 169 S. W. 389, that this statute applies to this class of cases. See, also, Eaton v. Ass'n, 136 S. W. 817, for full discussion of the principles upon which the holding is based.

By its second and only other assignment appellants urge that by the trial court's conclusions of fact it conclusively appears that

appellees are only entitled to recover for the time covered by his proof of loss from December 30th, to September 28th, or $1,025.

The first proposition is that the following by-law limits them to the amount specified in the proof of claim as filed:

"Any member who shall file a claim with said officers before his total or partial disability ceases, by so filing his claims, waives all rights to additional benefits, and shall not be entitled to recover benefits on account of any additional total or partial loss of time than that stated in his said proofs of disability so filed, before his total or partial disability or both total and partial disability ceases."

The second proposition is:

"Where proofs of loss provided, 'I claim December 30, 1914, to October 28th, 1915, indemnity, which, when paid, shall be in full satisfaction and final settlement of all claim I have, or may have, against the association for loss of time resulting from the above-named injuries,' and were duly signed and presented to the association, such proofs of loss were a full and complete release for any indemnity other than that specified, and was binding upon the member."

The third proposition is:

"Where there were several claimants to the funds, and where there was some controversy as to the extent and duration of the injuries, under such circumstances, because the same was not paid, did not invalidate the association's right to accept the proposition of the time as stipulated in the proofs of indemnity."

[2] The answer to the first proposition is that article 4807, Revised Civil Statutes, provides that upon receipt of satisfactory proof of accident and loss of time the company is liable for the payment of the sum of money promised by the certificate or policy. International Travelers' Association v. Branum, 169 S. W. 389; Courtney v. Mutual Aid Ass'n, 120 Mo. App. 110, 94 S. W. 768, 101 S. W. 1098.

[3, 4] Besides, it will be noted that the court found the fact to be that the insured had no knowledge of the by-law of the company relied upon; that the company agreed to furnish copy of by-laws and failed to do so. There is another reason why the assured did not forfeit his right to additional insurance. His claim was prematurely filed. At least the defendant was not lawfully bound to pay the claim until the final and full amount suffered had accrued and after proof of claim. Commonwealth Bonding & Casualty Co. v. Knight, 185 S. W. 1037.

[5] If the company had paid the claim covered by first proofs, and assured had waived additional benefits, it might have been released under proper conditions, but this it failed to do. Clanton v. Travelers' Protective Ass'n, 101 Mo. App. 312, 74 S. W. 510.

The second and third propositions are answered by the observation next above.

[6] Under these propositions it is urged that the insured is not entitled to recover the amount claimed after the final date fixed by the proofs filed, because there is no proof of such additional loss. The assignee of the claim made application to the defendant for blanks upon which to make the proper claim and was refused; for this reason it cannot defend upon that ground. American Nat. Ins. Co. v. Bird, 174 S. W. 939.

The assignments are therefore overruled.

The appellee filed cross-action for attorney's fee and for 12 per cent. damages provided by statute.

[7] Before this penalty (provided for by article 3071, Rev. Stat. 1895) can be imposed by the court, a demand for payment must be made. This the plaintiff failed to do. Mutual Life Ins. Co. v. Ford, 61 Tex. Civ. App. 412, 130 S. W. 769. And evidence of the furnishing of proofs of loss and of a statement that the company refused to pay is not sufficient. Insurance Co. v. Ford, supra.

Finding no error in the record, the case is affirmed.