Town of Presque Isle and another, Appellants, vs. Indus-
trial Commission of Wisconsin and others, Re-
spondents.

*December 6, 1929—January 7, 1930.*

For the appellants there was a brief by *James E. Coleman* of Milwaukee and *Derham & Derham* of Iron Mountain, Michigan, and oral argument by *William J. McCauley* of Milwaukee.

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

OWEN, J. It is urged that the award should be set aside because it is unsupported by any evidence that at the time of his death Rutherford was acting in the course of his employment as constable of the town of Presque Isle. It is said that there is no evidence to indicate whether Rutherford was shot while engaged in a private quarrel with Boring or in an attempt to accomplish his arrest.

It quite satisfactorily appears from the evidence that Boring was a bootlegger and that he was engaged in the illicit manufacture of alcoholic beverages. There is evidence to indicate that at the time of the shooting he was standing within a few feet of a still, and within a few feet from where he was standing there was a container partially full of mash. Sec. 165.30 made the possession of such still and mash *prima facie* evidence of the unlawful manufacture of liquor. If these things were observed by Rutherford it was his duty to arrest Boring. There is no evidence in the record of any feud or enmity existing between Rutherford and Boring, and it seems clear that the circumstances justified an inference on the part of the commission that Rutherford was attempting the arrest of Boring for violation of the liquor law. If so, he came to his death while discharging his duties as constable in the town of Presque Isle, which entitles him to compensation by the express terms of the compensation act. This conclusion renders it unnecessary to consider the authority of Rutherford to attempt or accomplish the arrest of Boring on the charge of desertion.

The award of the commission was for $4,800, or $1,200 per annum for four years. It is contended that the amount of the award is not justified by the evidence. It is said that constables are remunerated for their services upon the fee system, and that constables generally, in that vicinity,

do not earn more than $300 per year by virtue of the fees, which amount should form the basis of the award. Such earnings, however, are not the result of full-time service. It is matter of common knowledge that the duties of a town constable do not consume his entire time, and that services performed and fees earned by him are but incidental. To base an award upon actual earnings of a constable is not in harmony with the spirit or purpose of the statute, which requires the award to be based upon an amount which shall reasonably represent the average annual earning *capacity* of the injured employee at the time of the accident in the employment in which he was working at such time. It frequently happens that an employee is injured or comes to his death while rendering service of an incidental nature,— of a nature which does not furnish continuous employment to him or to any one else. The case of *Conveyors Corporation v. Industrial Comm., post,* p. 512, 228 N. W. 118, presents such an instance. However, it is not the purpose of the statute to limit the dependents of the deceased to an award based on annual average earnings in such incidental employment when such incidental employment permits no annual earnings. It is contemplated that the compensation shall bear some reasonable relation to the loss which the dependents have sustained by reason of the death of him upon whom they are dependent for their support. Their compensation is to be based upon an amount which shall reasonably represent the average annual earning capacity of the injured employee at the time of the accident in the employment in which he was working at such time. According to the provisions of sec. 102.11, Stats., this is to be determined by the experience of the injured person, if his experience furnishes a basis for such computation. If his own experience does not furnish such a basis, then the earnings of an employee of the same class, working substantially the whole of the preceding year, in the same or similar employment, in the same or a neighboring place, shall be made the basis for

such computation. Where neither of such methods can be employed, then the average earnings shall be taken at such sum as, having regard to the previous earnings of the injured employee, or other employees of the same or most similar class, working in the same or most similar employment, in the same or neighboring locality, shall reasonably represent the average annual earnings or capacity of the injured employee at the time of the accident in the employment in which he was working at such time. By this latter provision it is contemplated that the commission may base its conclusion as to annual earnings upon the best available evidence, to the end that the award to the employee or his dependents shall be based upon full-time service and the liability of the employer limited to the reasonable value of the class of services being rendered by the employee at the time of the accident.

It appears that up until a short time prior to his death Rutherford was working at a sawmill at $120 per month. Upon the termination of his employment the question of employing him as full-time policeman was under consideration by the town board, but, while there was some understanding that he would be employed full time at a salary of $120 per month, it does not appear that the formal appointment was made. However, $120 per month represents the earning capacity of the deceased while working at common labor. The judgment of the town board that a full-time constable was entitled to $120 per month, also appears. It was not unreasonable for the commission to assume that the full-time services of a constable were worth at least an amount which could be earned by a common laborer. In addition to this, the commission had before it evidence of the amount paid policemen in the city of Ashland, a city in an adjoining county. We see no reason for disturbing the award.

*By the Court.*—Judgment affirmed.