HIGHWAY TRAILER COMPANY and another, Appellants, vs. INDUSTRIAL COMMISSION and another, Respondents.

*May 26—June 21, 1937.*

For the appellants there was a brief by *Otjen & Otjen* of Milwaukee, and oral argument by *C. J. Otjen.*

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

*Paul Griffith* and *Laurence W. Hall,* both of Madison, argued orally for the respondent Delmar Anderson.

NELSON, J. The questions for determination are: (1) Was it immaterial, as found by the trial court, whether the commission, in determining Anderson's average annual earnings, acted pursuant to the provisions of either par. (b) or (c) of sec. 102.11 (2), Stats. 1933, since par. (d) of that section in part provides:

". . . Subject to the maximum limitation the average annual earnings shall in no case be taken at less than the actual annual earnings,"—

and since Anderson's actual annual earnings during the year preceding his injury were taken by the commission as representing his "average annual earning capacity . . . at the time of the injury?" (2) If it was not immaterial, was it

permissible for the commission to conclude that Anderson's average annual earnings should be determined under the provisions of par. (c) rather than under par. (b)? (3) If so, was Anderson's "average annual earning capacity," as found by the commission, supported by the evidence?

The facts are not in dispute. On November 9, 1934, the defendant, Delmar Anderson, hereinafter called the "applicant," was employed as a machinist and toolmaker by the plaintiff, Highway Trailer Company, hereinafter called the "company." On that day, while operating a milling machine in the company's plant, his arm slipped, causing his sleeve to be caught on one of the saws on said machine, with the result that his right arm was cut off at the elbow. During the year preceding the accident, commencing November 15, 1933, he worked twenty-three weeks (104⅝ days) for the company and earned $245.66. During a part of April, May, and a part of June, 1934, he was employed by Rock Island Arsenal at Rock Island, Illinois, nine weeks and two days (47 days) and earned $306.89. During the remainder of June, July, August, September, and October, he was employed by Gisholt Machine Company of Madison, Wisconsin, eighteen weeks (88 days) and earned $469.32. His average wage while employed by the company was thirty-seven cents per hour, by Rock Island Arsenal, eighty-two cents per hour, and by the Gisholt Machine Company, sixty-seven cents per hour. After leaving the employ of the Gisholt Machine Company he re-entered the employ of the company and received forty cents per hour, up to the time of the accident.

In determining the average annual earnings of the applicant for compensation purposes, the examiner concluded that the applicable statute was sec. 102.11 (2) (c), and that the applicant's actual earnings during the preceding year reasonably represented his average annual earning capacity at the time of his injury.

(1) The trial court, in responding to plaintiff's contention that the commission should have determined applicant's average annual earnings pursuant to sec. 102.11 (2) (b) instead of under par. (c), held that the contention was immaterial since the commission had used applicant's actual earnings as a basis for compensation. The court based its conclusion upon the following language found in par. (d) of said section.:

". . . Subject to the maximum limitation the average annual earnings shall in no case be taken at less than the actual annual earnings."

While the construction put upon that language by the trial court is a permissible one when that language is considered alone and apart from the other language of sec. 102.11, it is our opinion, that that construction is not the obviously reasonable one that should be given to it. That language was incorporated into the compensation act in 1917. In the "Commission's Pamphlet with 1917 Amendments," which was issued after the enactment of that amendment, it was said:

"A further defect of the 1915 statute is remedied by the provision that the average annual wage shall never be taken at less than the actual annual wage. This affects the case of employees working seven (7) days per week. At $2 per day such employee's actual weekly wage would be $14, but under the 1915 statute it could not be taken at more than $12, six (6) days at $2 per day."

Whether we give consideration to the practical construction thus given to that language by the commission, or to the considerate holdings of this court, to the effect that compensation must be based upon the earning capacity of the injured workman *in the employment and as he was employed at the time of his injury* (hereinafter fully discussed), we conclude that the trial court was in error in holding, under the facts of this case, that it was immaterial whether the

commission made its determination under either par. (b) or (c).

(2) Was it permissible for the commission to conclude that Anderson's average annual earnings should be determined under the provisions of par. (c) rather than under par. (b)? This necessitates a consideration of the provisions of sec. 102.11 (2). Par. (a) provided:

"If the employee has worked in the employment in which he was working at the time of the injury, whether for the same employer or not, during substantially the whole of the year immediately preceding his injury, his average annual earnings shall consist of three hundred times the average daily wage or salary which he has earned in such employment during the days when so employed."

The applicant had not worked in the employment in which he was working at the time of his injury, whether for the same employer or not, during substantially the whole of the year immediately preceding his injury and therefore that paragraph is not applicable.

Par. (b) provided:

"If the employee has not so worked in such employment during substantially the whole of such preceding year, his average annual earnings shall consist of three hundred times the average daily wage or salary which an employee of the same class working substantially the whole of such year in the same or a similar employment in the same or a neighboring place shall have earned in such employment during the days when so employed."

It is obvious that this paragraph was intended to be applicable when the injured employee had not worked in "such employment ['in the employment in which he was working at the time of the injury'] during substantially the whole of such preceding year," but another employee of the same class had worked substantially the whole of such year in the same or a similar employment in the same or a neighboring place.

That paragraph permits the commission to base the average annual earnings of the injured employee upon the average daily wage or salary of another employee of the same class who had worked substantially the whole of such year in the same or a similar employment.

The commission found, upon the evidence adduced, that there was no other employee similarly employed, who had worked substantially the whole of such year. The plaintiffs contend that this finding is not supported by the evidence. The plaintiffs contend that the evidence shows that the company had in its employ one Hans Harrison (Arneson), an employee of the same class as the applicant, who had worked substantially the whole of the year in such employment, and that the commission therefore should have taken his average earnings as a basis for determining the average wages of the applicant. The contention is based upon the following testimony of Edmond Wilson, the company's plant machine superintendent:

"*Q.* Do you have another employee by the name of Hans Harrison (Arneson) who worked for you during the years 1933 and 1934? *A.* And he is still employed.

"*Q.* Could his work be compared to that of Mr. Anderson? *A.* I would say so—both men are in the same department.

"*Q.* Did he work continuously during the year prior to November 19th, 1934? *A.* When you say continuously—

"*Q.* As far as the plant ran? *A.* We have lay offs from time to time—five days instead of five and a half or four instead of five and a half—aside from that he has worked continuously.

"*Q.* I show you respondent's exhibit B. Was that prepared from the pay roll record of your plant? *A.* Yes, sir.

"*Q.* You have the original? *A.* Yes, sir.

"*Q.* The original card? *A.* The original—yes.

"*Q.* That represents the income of Hans Harrison for the period of one year prior to November 19th, 1934? *A.* Yes, sir. . . .

"*Q*. Did this man work every day the plant was going? *A*. No, I wouldn't say that because at times one department would have a full week, whereas, another might not be working.

"*Q*. He might have been off because of illness? *A*. Yes, or lack of work.

"*Q*. You don't know how much time he was off? *A*. Not without going back to his daily card.

"*Q*. You don't know how many days a week he worked? *A*. Not from those amounts; that is the amount he received each pay period; I would have to go back to his individual record to find the number of hours each day."

This testimony in our opinion falls short of conclusively showing that Harrison was an employee of the same class working substantially the whole of the preceding year, and we think it cannot be said that the commission's finding is not supported by the evidence. It is our conclusion that the commission was warranted, under the circumstances, in not applying sec. 102.11 (2) (b) to the facts adduced.

(3) Was Anderson's "average annual earning capacity at the time of injury," as found by the commission, supported by the evidence?

Sec. 102.11 (2) (c) provided:

"In cases where the foregoing methods of arriving at the average annual earnings of the employee cannot reasonably and fairly be applied, such average annual earnings shall be taken at such sum as, having regard to the previous earnings of the employee, and of other employees of the same or most similar class, working in the same or most similar employment, in the same or a neighboring locality, shall reasonably represent the average annual earning capacity of the injured employee at the time of the injury."

The commission obviously considered that Anderson's actual earnings during the preceding year measured his average annual earning capacity at the time of his injury. As hereinbefore stated, during the beginning of the preceding year he worked for the company for a number of months

and earned an average wage of thirty-seven cents per hour. He was then employed for a time at Rock Island Arsenal and earned an average wage of eighty-two cents per hour. He was then employed by the Gisholt Machine Company and earned an average wage of sixty-seven cents per hour. Thereafter he entered the employ of the company and his wages during such employment were forty cents per hour. It is clear, that in taking the actual wages earned in all of his employments, the commission failed to follow the well-established rule that compensation must be based upon the earning capacity of the injured workman in the employment and as he was employed at the time of his injury. *West Salem v. Industrial Comm.* 162 Wis. 57, 155 N. W. 929; *Rainbow Gardens v. Industrial Comm.* 186 Wis. 223, 202 N. W. 329; *Conveyors Corporation v. Industrial Comm.* 200 Wis. 512, 228 N. W. 118. In *Presque Isle v. Industrial Comm.* 200 Wis. 446, 449, 450, 228 N. W. 589, it was held that the statute "requires the award to be based upon an amount which shall reasonably represent the average annual earning capacity of the injured employee at the time of the accident in the employment in which he was working at such time." It was there said:

"By this latter provision it is contemplated that the commission may base its conclusion as to annual earnings upon the best available evidence, to the end that the award to the employee or his dependents shall be based upon full-time service and the liability of the employer limited to the reasonable value of the class of services being rendered by the employee at the time of the accident."

In the recent case of *Allis-Chalmers Mfg. Co. v. Industrial Comm.* 215 Wis. 616, 621, 255 N. W. 887, it was said:

"Compensation must be based upon the earning capacity of the injured workman in the employment and as he was employed at the time of his injury."

That language was again approved in *Struck & Irwin Fuel Co. v. Industrial Comm.* 222 Wis. 613, 621, 269 N. W. 319. It was there said:

"And in that case, as well as in *Glancy Malleable Iron Co. v. Industrial Comm.* 216 Wis. 615, 622, 258 N. W. 445, and *Hammann v. Industrial Comm.* 216 Wis. 572, 257 N. W. 612, we held that awards of compensation, which the commission considered authorized under sec. 102.11 (1) (c), Stats. 1933, but which were in fact computed on a wage basis that was in excess of the actual average earning capacity at the time of injury, were excessive and invalid. Compensation must bear some reasonable relation to the loss which the injured employee will probably sustain, and, therefore, must be based upon the amount which reasonably represents his average weekly earning capacity at the time of his injury."

It is our conclusion that the commission exceeded its powers in basing compensation herein upon the actual earnings of the applicant in other employments in which the wages paid were much higher than those earned in the employment in which he was engaged at the time of his injury. Upon a further hearing, it ought not to be difficult to adduce testimony which will support a determination of compensation under par. (b). If that be impracticable, then the commission should have little difficulty in arriving at a just and reasonable conclusion as to the compensation to which Anderson is entitled, bearing in mind the settled law of this state, hereinbefore discussed.

*By the Court.*—Judgment reversed, and cause remanded with directions to remand the cause to the Industrial Commission for further proceedings according to law.