SANBORN, Respondent, v. FARMERS UNION ELEVATOR CO., et al, Appellants

(299 N. W. 258.)

(File No. 8385. Opinion Filed July 8, 1941.)

Caldwell & Burns, of Sioux Falls, for Appellant.

Bielski, Elliott & McQuillen, of Sioux Falls, for Respondent.

WARREN, J.   The claimant for some time prior to July 20, 1937 had been employed by the Farmers Union Elevator Company in servicing farm machinery in connection with part of its business as it was the local representative of the John Deere Plow Company.   The defendant carried no skilled mechanics in its employ.   For this reason when servicing of farm machinery was necessary, it called upon claimant who had special skill along this line.   In addition to servicing machinery claimant at times assisted in the office and made demonstrations for the company.   The company when requiring claimant's services would advise him when it wished the work done.   The claimant would then proceed to do the work and would receive his compensation from the company.   He was not paid specific amounts for each particular piece of work that was done, but after doing various items of work he would have a settlement with the company.   Neither the company nor the claimant kept any record as to the time that was put in nor the amount earned. He was not carried on the payroll.   Neither it nor the claimant knew the number of times that he had worked for the company in the year preceding the injury.   It would seem that claimant operated a 250 acre farm in the vicinity of Hurley, South Daokta, which he took care of in addition to assisting the company when the regular employees were unable to do the work.

In July, 1937, the manager of the elevator company called the claimant in to start a new tractor.   While doing so claimant sustained an injury to his right knee and his back. After the injury the record discloses that claimant was able to do chores around the farm within a month and did other farm work within three months after his injury.   In the summer of 1938 he again did two or three service jobs for

the elevator company. At the completion of the reception of the evidence the Commissioner made findings, conclusions, and an award favorable to the claimant. A petition for review was made and upon consideration denied. Thereafter an appeal was taken to the Circuit Court which resulted in a judgment entered by the court sustaining the award.

Appellants in their assignments of error assert that the undisputed evidence shows that the claimant at the time of his injury was an independent contractor and not an employee of the elevator company. A review of the evidence covering the claimant's status seems to indicate that the record does not warrant concluding that he was an independent contractor.

In deciding the issues presented by this appeal certain sections of our statutes become important as the claimant must show affirmatively that the facts fall within the requirements of our Workmen's Compensation Law before he may receive an award and be compensated for his loss of earnings. Sections viz. SDC 64.0403 as amended by Ch. 297, S. D. Session Laws 1939, and (1), (3), and (5) thereof relating to compensation for injury, how computed and paid, and (b) of (1) and (2) of SDC 64.0404 entitled "Basis of computation" seem to point out the way and become controlling over the facts in the instant case in this: That the claimant must prove earnings, both before and after the time that the injury occurred in order to place before the commissioner the true earning power before and after the injury so that he may be able to determine and make his award in conformity to the provisions of our laws as applied to the facts.

In the instant case it is charged that there is a lack of definite evidence as to the claimant's earnings which is one of the essential requirements of (1) of SDC 64.0403. We examine the record for the errors complained of by the appellants who charge that the findings as to the annual earnings of the claimant in his employment with the defendant Elevator Company rest on insufficient evidence and find that

the evidence is weak and it fails to support the findings and conclusions made by the commissioner. From an examination of the record we observe that there is some opinion evidence by claimant as to his annual earnings, but to make an award based upon any fixed amount of earnings as the record now stands, that, we feel is impossible.

The claimant in the trade of a mechanic was called upon occasionally by the elevator company to repair machinery. For this he was paid by the job. Sometimes his remuneration was in cash. Sometimes it was in supplies such as flour, feed, or coal, or he was given credit on his account with the company. For short jobs he was allowed $1.00 an hour and for longer jobs $.75 per hour. His testimony falls short of being anything but speculation and guess as to the amount of labor he performed for the appellants.

When claimant was asked how much money he made the year preceding the accident he answered, "I couldn't say". He was then asked to make an estimate, and over an objection he stated, "I would have to know about how much repairs of machinery I had done in a year". In reply to a question as to doing certain work he stated, "I couldn't say exactly because I never kept any track of the dates I was in there". He was asked if he had a written record of the time that he worked for the elevator company. He said, "No". Later claimant was asked as to what, in his opinion, his annual earnings were in the year preceding the injury. The objection interposed was overruled on the theory that an original memorandum would be produced subsequently. The claimant said that it would amount to between four and five hundred dollars a year. A closing part of his answer reads: "It was awfully hard to come to any definite figure because neither one of us had ever made any account of it". He was of the opinion that it was around $500 and he was of the opinion that it would run all the way from that figure down to $200. In answer to a question by the Commissioner to the effect that he had been asked with reference to the earnings for the year immediately preceding the injury he said, "Yes sir, for that year I would say I re-

ceived very close to five hundred dollars." Mr. Stoddard, the manager of the elevator company, testified for the claimant as to the earnings for the year preceding the date of the injury stating that he kept no record of what was paid to the claimant, and that there was no record in the office of the company of anything paid to claimant. This question was asked, "And in arriving at this amount you made an estimate or a guess as to the amount? A. Yes, it is just a guess—just an estimate that is all.

"Q. And you have no record of the discounts, commissions or cash payments or supplies which were given to him in payment? A. No, I didn't keep any record of those."

This answer was over a timely objection which was concluded with the witness' statement, "If I would have had to go right out and hire a man to do these jobs, it would have cost me two or three hundred dollars a year anyway. * * * We never expected this, or I would have had it on black and white".

The testimony in the record as to claimant's earnings are merely opinions and are not based upon any facts, but are based on conjecture and guess. There is such a lack of definite knowledge concerning the matter in question as to render the testimony destitute of probative value. Because of lack of competent evidence the findings of the Industrial Commissioner cannot stand as to the earnings. In Barwin v. Independent School District of Sioux Falls, 61 S. D. 275, 248 N. W. 257, 259, we used language which amply covers the evidence in this respect before us: "The findings, however, must be found on evidence, and cannot rest on surmise, conjecture, or speculation".

The respondent admits that he failed to supply the memorandum covering the transactions which was suggested at the time the court ruled upon the admission of the evidence as shown by the statement in his brief that, "Neither the claimant nor the elevator company had any records to show what claimant's earnings had been from his employment with the company in the years immediately preceding the injury". Respondent contends that he produced

the best evidence available, and that appellants could have shown by the evidence that claimant did not earn from four to five hundred dollars a year. We do not believe that the duty as contended for by the respondent of showing the earnings by the respondents was shifted to the appellants by virtue of the fact that this speculative and guess evidence had been introduced over timely objection.

Under a portion of (3), SDC 64.0403 which reads "* * * he shall, except in the cases covered by the specific schedule set forth in subdivision (4) of this section, receive compensation, subject to the limitations as to time and maximum amounts fixed in subdivisions (1) and (7) of this section, equal to one-half of the difference between the average amount which he earned before the accident, and the average amount which he is earning or is able to earn in some suitable employment or business after the accident. * * *" it would seem that the claimant must not only furnish adequate proof of his earnings before the injury, but must furnish adequate proof as to the average amount which he is earning or is about to earn in some suitable employment or business after the accident. Struck & Irwin Fuel Coal et al. v. Industrial Commission. et al., 222 Wis. 613, 269 N. W. 319, 323. The record as to the average amount of earnings after the injury is wholly deficient. We will not take the time in this opinion to analyze this evidence as was done with the evidence of earnings prior to the injury, but will let the principles which we applied to those facts apply to the evidence of earnings after the injury. It would seem that what we have said regarding the lack of competent evidence to sustain the findings of the industrial commissioner ought not to impede the recovery if and when the claimant may furnish evidence that will be free from surmise, conjecture, guess, or speculation under the basis of computation expressed in (b) of (1) and (2) of SDC 64.0404.

We find the following language in Sanders v. Blue Ridge Glass Corporation, 161 Tenn. 535, 33 S. W.2d 84, 86 pertinent:

"* * * There is no evidence in the record that employment of the character suited to petitioner's condition was

not available. And the burden is upon him to prove the extent of his disability.

*       *       *

"The employer assigns as error that there is no evidence in the record upon which the amount of compensation can properly be computed.

"The Compensation Act 1919, chapter 123, section 28, subsection (c), provides that the compensation to be awarded for a permanent partial disability shall be one-half 'the difference between the wage of the workman at the time of the injury and the wage he is able to earn in his partially disabled condition,' payable during disability, but not to exceed three hundred weeks.

"Obviously, this test cannot be applied to a particular case, unless some evidence is offered by which the court can determine what wages the partially disabled workman can earn. Russell v. Big Mountain Collieries, 156 Tenn. 193, 299 S. W. 798."

We believe that the evidence relied upon by the respondent is easily distinguishable from what this court said in Brady v. Shirley et al., 18 S. D. 608, 614, 101 N. W. 886, 5 Ann. Cas. 972. In that case the court was speaking largely of opinion evidence, whereas in the case at bar the evidence is largely speculative and guess of the facts as to the amount of employment or services rendered.

We are unwilling to sustain the findings and conclusions and award upon the record presented as we deem the evidence insufficient, uncertain, and speculative. Other assignments urged become immaterial under the view we have expressed with reference to the insufficiency of the evidence as to the yearly earnings of respondent.

The judgment appealed from is reversed.

POLLEY, P. J., concurs.

ROBERTS, RUDOLPH, and SMITH, JJ., concur in result.