CHAMBERLAIN, Respondent, v. INDUSTRIAL COMMISSION, Defendant: VILLAGE OF NIAGARA and another, Appellants.

*October 10—November 5, 1958.*

412

For the appellants there was a brief by *Toebaas, Hart, Kraege & Jackman* of Madison, and oral argument by *W. L. Jackman.*

For the respondent there was a brief and oral argument by *Emmet McCarthy* of Marinette.

WINGERT, J.   The judgment setting aside the commission's order must be affirmed.

We consider that on the undisputed facts, and on the finding of the commission on the one material point of fact in dispute, only one inference is permissible, viz., that Chamberlain sustained his injury while performing service growing out of and incidental to his employment, and the accident arose out of his employment. Therefore only a question of law is presented, and we are not bound by the commission's determination to the contrary, whether it be treated as a finding of fact or a conclusion of law. *Schmidlkofer v. Industrial Comm.* 265 Wis. 535, 538, 61 N. W. (2d) 862.

It is undisputed that investigation of the theft of the antenna parts from the community antenna was within Chamberlain's duties as deputy marshal, that he had been actively engaged in that investigation for two weeks, that most investigation work was done after regular patrol hours, that as deputy marshal he was "subject to call to duty twenty-four hours each day," and that Wicklund called Chamberlain out of the restaurant to give him information about the theft, including names of two persons believed to have been involved in it, and was just about to give him this information when the automobile crashed into them.

Receipt of such information was clearly within the scope of plaintiff's duties. It is immaterial that he had not been told, when he accompanied Wicklund out of the restaurant, that this requested conversation related to that particular subject. At the least, he knew that Wicklund was a police officer of a near-by community to which investigations by the Niagara police commonly extended, and when Wicklund called on him and asked him to step outside to receive private

information, Chamberlain could reasonably believe that it was information to be imparted to him in his official capacity as police officer and relating to his duties as such. Whatever he thought, the information did in fact relate to the theft Chamberlain was investigating officially, and communication of that information was the sole purpose of the interview which brought the two officers to the place where they were injured. Hence Chamberlain was only doing his duty as deputy marshal when he honored Wicklund's request to step outside to receive information considered "private," and he was performing service growing out of and incidental to his employment at the moment he was injured. Likewise the accident arose out of his employment. *Cutler-Hammer, Inc., v. Industrial Comm.,* ante, p. 247, 92 N. W. (2d) 824.

The fact that Chamberlain was immediately engaged in the performance of official duty when hurt distinguishes this case from *Price v. Shorewood Motors,* 214 Wis. 64, 251 N. W. 244, and *Fawcett v. Gallery,* 221 Wis. 195, 265 N. W. 667. In each of these cases an automobile salesman involved in an accident while on a purely personal pleasure excursion was held to have been acting outside the scope of his employment at the time of the accident, notwithstanding that earlier in the evening he had stopped at a tavern and while there had talked to the bartender about buying a car. Chamberlain was doubtless off duty when he was drinking coffee with his wife, but he was back within his employment when he went outside with Wicklund to receive official information.

The present case is more like *Presque Isle v. Industrial Comm.* 200 Wis. 446, 228 N. W. 589, where a constable who was out picking berries in the woods with his wife happened to see a fugitive from justice, advanced toward him with gun in hand, and was shot and killed by the criminal. There his death was held compensable, the constable being

engaged in performance of his duty when he took steps, while on an otherwise personal mission, to apprehend a law violator.

*By the Court.*—Judgment affirmed.

MARTIN, C. J., and BROWN and FAIRCHILD, JJ., took no part.