CITY OF ELROY, and Heritage Mutual Insurance Company, Plaintiffs-Appellants,

v.

LABOR & INDUSTRY REVIEW COMMISSION, and John E. Sorenson, Defendants-Respondents.

Court of Appeals

*No. 89–0386. Submitted on briefs August 17, 1989.—Decided September 20, 1989.*

(Also reported in 448 N.W.2d 438.)

321

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Clayton R. Hahn* and *Paul R. Riegel* of *Borgelt, Powell, Peterson & Frauen,* S.C. of Milwaukee.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Donald J. Hanaway,* attorney general, and *Lowell E. Nass,* assistant attorney general.

Before Brown, P.J., Scott, J., and Robert J. Parins, Reserve Judge.

BROWN, P.J. The City of Elroy and Heritage Mutual Insurance Company (the city) appeal from a circuit court judgment affirming the Labor and Industry Review Commission's award of worker's compensation to an injured volunteer firefighter. The city contests the commission's determination that evidence of volunteer firefighters' work histories and earning capacity as civilians prior to injury should not be considered in setting their rates of compensation. We reject the city's position and affirm.

The undisputed facts are that Sorenson was injured while acting as a volunteer fireman for the City of Elroy.

He had volunteered in that capacity for approximately four years.

Sorenson is borderline mentally retarded and functionally illiterate. His work history is spotty and his wages as a civilian were low. The city offered this evidence at the hearing on compensation to show that compensation at the maximum rate for volunteer firefighters would be inappropriate. The commission did not consider the evidence in setting compensation, holding that sec. 102.11(1)(c), Stats., and Wis. Adm. Code sec. **Ind 80.30** only permit compensation at less than the maximum rate when paid firefighters in the volunteer's geographic area receive a lower than maximum wage.

■

Worker's compensation for volunteer firefighters is calculated pursuant to sec. 102.11, Stats., and Wis. Adm. Code sec. **Ind 80.30.** While the city concedes that some amount of compensation is appropriate, it argues that the commission wrongly applied sec. 102.11(1)(c), and misinterpreted sec. **Ind 80.30** in calculating Sorenson's compensation.

■

The rules and regulations governing construction of statutes and administrative regulations are the same and present questions of law. *State ex rel. Staples v. DHSS,* 136 Wis. 2d 487, 494–95, 402 N.W.2d 369, 374 (Ct. App. 1987). We are not bound by an agency's legal conclusions; we will, however, sustain an administrative agency's conclusions of law if they are reasonable. *Chappy v. LIRC,* 128 Wis. 2d 318, 323, 381 N.W.2d 552, 555 (Ct. App. 1985), *aff'd,* 136 Wis. 2d 172, 401 N.W.2d 568 (1987). Further, an administrative agency's interpretation of its own regulation is entitled to controlling weight unless inconsistent with the language of the regulation or clearly erroneous. *Staples,* 136 Wis. 2d at

494-95, 402 N.W.2d at 374. We determine that the agency's conclusion was reasonable in this case.

■

The city argues that compensation may be calculated pursuant to sec. 102.11(1)(c), Stats.,[1] only when the injured worker has an "employee" and not a "volunteer" status. This is true; the Worker's Compensation Act does not cover volunteers. *Bituminous Casualty Co. v. Industrial Comm'n,* 245 Wis. 337, 340-41, 13 N.W.2d 925, 926 (1944). However, for purposes of the act, volunteer firefighters are deemed employees. Sec. 102.07(7), Stats. We see nothing in the act recognizing a hybrid "volunteer employee." As a statutory employee, Sorenson can be compensated under sec. 102.11(1)(c) if it is otherwise applicable. *See United Way v. DILHR,* 105 Wis. 2d 447, 452, 313 N.W.2d 858, 861 (Ct. App. 1981). We hold that it is.

■

First, the commission found as fact that "respondent did not employ firefighters on a full-time basis." Section 102.11(1)(c), Stats., specifically applies "where normal full-time days or weeks are not maintained by the employer in the employment in which the employe worked when injured." *Id.* Citing no authority in support, the city argues that this language does not render

---

[1] Section 102.11(1)(c), Stats., provides:

In the case of persons performing service without fixed earnings, or where normal full-time days or weeks are not maintained by the employer in the employment in which the employe worked when injured, or where, for other reason, earnings cannot be determined under the methods prescribed by par. (a) or (b), the earnings of the injured person shall, for the purpose of calculating compensation payable under this chapter, be taken to be the usual going earnings paid for similar services on a normal full-time basis in the same or similar employment in which earnings can be determined under the methods set out in par. (a) or (b).

the statute applicable to the instant case because there is no similarity between the pay of volunteers and the pay of full-time firemen. The position has no merit. The plain language of sec. 102.11(1)(c) renders it applicable based on the work schedule maintained by the employer, not the wages paid to the employees.

Second, sec. 102.11(1)(c), Stats., applies whenever reason exists that earnings cannot be determined under the methods prescribed by sec. 102.11(1)(a) or (1)(b). Sec. 102.11(1)(c). Though disputing the applicability of subsec. (1)(c), the city has not argued that Sorenson's compensation could be calculated under subsec. (1)(a) or (1)(b). We note that under subsecs. (1)(a) and (1)(b), unemployment compensation is calculated in light of actual daily earnings. Compensation for volunteer firefighters, however, is calculated pursuant to Wis. Adm. Code sec. **Ind 80.30,** which presumes that volunteers receive the average maximum weekly earnings of a paid full-time firefighter.[2] This presumption is a "reason" within the meaning of sec. 102.11(1)(c) that compensation cannot be calculated in light of actual daily earnings, as contemplated by subsecs. (1)(a) and (1)(b). The city mounts no argument that this reason is inadequate.

We conclude that sec. 102.11(1)(c), Stats., is applicable to the instant case.

---

[2]Wisconsin Adm. Code sec. **Ind 80.30** provides:

**Average weekly earnings for members of volunteer fire companies or fire departments.** The maximum average weekly earnings under the provisions of s. 102.11, Stats., which are in effect on the date of injury shall be used in computing the amount of compensation payable to an employe as defined by s. 102.07(7), Stats., except as specific showing may be made in an individual case that such wage is not proper.

We turn next to the city's argument that the commission wrongly refused to consider evidence of Sorenson's earnings as a civilian when determining his rate of compensation pursuant to Wis. Adm. Code sec. **Ind 80.30.** The city argues that low civilian earnings are "proper" reasons for lowering the rate of compensation under this regulation.

The commission did not consider the evidence of Sorenson's civilian earnings on the grounds that the final clause of Wis. Adm. Code sec. **Ind 80.30** is intended to allow a showing only that the wages of full-time firefighters in the volunteer's geographic area are less than the maximum average weekly earnings for Wisconsin firefighters as a whole. Therefore, evidence of the volunteer's civilian earnings is, for purposes of setting compensation, irrelevant under this regulation.

It is well-established that statutes addressing the same subject matter should be read together and harmonized if possible. *State v. Wagner,* 136 Wis. 2d 1, 5, 400 N.W.2d 519, 521 (Ct. App. 1986). Both sec. 102.11(1)(c), Stats., and Wis. Adm. Code sec. **Ind 80.30** address computation of compensation for volunteer firefighters and sec. **Ind 80.30** must therefore be understood in light of sec. 102.11(1)(c).

Our supreme court has long held that sec. 102.11(1)(c), Stats., contemplates compensation based on the earning capacity of the injured worker *in the employment and as he was employed at the time of his injury. Highway Trailer Co. v. Industrial Comm'n,* 225 Wis. 325, 333, 274 N.W. 441, 444 (1937). It is error to compute the award on the basis of actual wages earned in all of the worker's various employments. *Id.* The employer's liability is thereby limited to the reasonable

value of the *class of services being rendered by the employee at the time of the accident. Id.* Under these rules, the employer is not the insurer of the employee's worth on the market—that value is irrelevant under sec. 102.11(1)(c)—but is the insurer of the usual rate paid for the class of services performed for the employer's benefit. These rules are part of sec. 102.11(1)(c); the court's interpretation of a statute becomes a part of it. *City of Sun Prairie v. Public Serv. Comm'n,* 37 Wis. 2d 96, 100, 154 N.W.2d 360, 362 (1967).

The commission's interpretation of Wis. Adm. Code sec. **Ind 80.30** is reasonable because it is in harmony with the well-settled meaning of its sister statute, sec. 102.11(1)(c), Stats., as that statute was interpreted in *Highway Trailer.* Section **Ind 80.30** sets the usual rate for the class of services received from a volunteer firefighter as the maximum average rate paid firefighters. Pursuant to sec. **Ind 80.30,** the employer may show that this presumed rate is improper in a particular case, but must do so within the confines of the applicable statutory guidelines. Administrative regulations must be in accord with statutory policy. *Josam Mfg. Co. v. State Bd. of Health,* 26 Wis. 2d 587, 601, 133 N.W.2d 301, 309 (1965). Thus, the city may show that Sorenson's worker's compensation should not reach the maximum average for all firefighters because that rate is not commensurate with the going rate for the same class of services paid by other employers of firefighters similarly situated. However, wages earned by the volunteer in capacities other than that of firefighter are not a "proper" basis for setting worker's compensation under sec. **Ind 80.30** because such basis is rendered irrelevant by sec. 102.11(1)(c).

The city argues that public policy demands its interpretation of Wis. Adm. Code sec. **Ind 80.30** because otherwise small towns in Wisconsin that cannot afford full-time fire protection will have to carry worker's compensation insurance as if they could afford full-time firefighters. We disagree.

Wisconsin Adm. Code sec. **Ind 80.30,** in tandem with secs. 102.07(7) and 102.11(1), Stats., creates a presumption that injured volunteer firefighters will be compensated at the maximum average rate for full-time paid firefighters. This presumption would remain, even if, as the city urges, the regulation granted parties a wide range of evidentiary options for proving such rate improper. Thus, the prudent employer would still have to insure based on the eventuality of the presumption's applicability to any particular case. Indeed, employers would have to insure at a higher rate; under the city's interpretation of sec. **Ind 80.30,** the injured firefighter could show that his earnings in the job market exceed the maximum average weekly earnings of firefighters and that he is therefore entitled to compensation at a rate higher than that presumed. We conclude that the public policy clearly underlying the statutes and the regulation is one of encouraging volunteer firefighters by assuring them adequate compensation in case of injury.

*By the Court.*—Judgment affirmed.