BUILDERS' MUTUAL CASUALTY COMPANY and another, Respondents, vs. INDUSTRIAL COMMISSION, Appellant: SCHULTZ, Defendant.

*November 6—December 5, 1933.*

For the appellant there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the respondents there was a brief by *Stephens, Sletteland & Sutherland* of Madison, attorneys, and *Arthur B. Doe* of Milwaukee of counsel, and oral argument by *Mr. Robert J. Sutherland* and *Mr. Doe.*

FOWLER, J. Jesse Schultz was employed on the construction of an overhead bridge on a state highway. He was

working six hours a day at the rate of forty cents an hour. The job was being done by two daily shifts of six hours each. It was under the supervision of the unemployment commission created by ch. 22, Laws of 1931, and the regulations of the commission provided that no men on jobs under its supervision should be employed more than six hours a day except in emergencies, and that "time and a half" should be paid "for all time in excess of six hours." The contract for construction of the bridge expressly provided for two daily six-hour shifts. and that labor should be paid "time and a half for overtime." Schultz knew when he went to work that the work was being done in six-hour shifts and understood that he was to work six hours a day. He worked six hours every day from the time he commenced work until he was injured, and his daily wage was fixed and paid on the basis of six hours a day at the hourly rate.

The statute governing the amount of the employee's award is sec. 102.11, Stats., which provides that in determining average daily wage "no day during which an employee has worked less than eight hours shall be taken into consideration unless by agreement or custom a lesser number of hours' work constitutes the full day's service for such day." Under this statute the Industrial Commission computed the employee's compensation for permanent disability on the basis of an eight-hour day. The learned circuit judge was of opinion under the facts stated that by agreement six hours' work constituted a full day's service and that the compensation should have been computed on the basis of a six-hour day, and remanded the record for fixation of the award on that basis.

We are of opinion that the judgment of the circuit court is clearly right. The employer was required by his contract to employ men only six hours a day. He therefore understood when he employed Schultz that Schultz was to work only six hours a day. Schultz so understood. There was

thus a mutual understanding between employer and employee that six hours would constitute a full day's service. This constituted an agreement to that effect. The provision of the contract for employment for only six hours each day and for time and a half pay for work over six hours in any day constituted six hours a full day's service by agreement between the state and the contractor, and the employee by accepting work knowing that he was to work only six hours a day impliedly agreed that six hours should constitute a full day's service.

*By the Court.*—The judgment of the circuit court is affirmed.