HAMMANN and another, Respondents, vs. INDUSTRIAL COMMISSION, Appellant.

*November 10—December 4, 1934.*

For the appellant there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the respondents there was a brief by *Richmond, Jackman, Wilkie & Toebaas* of Madison, and oral argument by *W. L. Jackman* and *H. M. Wilkie.*

FOWLER, J. This is a workmen's compensation case. The claimant is the widow of Frank Brunner, who was

killed in the course of his employment. The facts essential to recovery are not in dispute and all exist. The only question involved is the basis for computation of the award.

The amount of the widow's recovery is fixed by statute at four times the average annual wage of the deceased. A statute prescribes how, under different contingencies, the average annual wage shall be computed. It reads as follows:

"102.11 *Earnings, method of computation.* (1) The average weekly earnings shall be one-fiftieth of the average annual earnings of the employee.

"(2) The average annual earnings for employees shall be taken at not less than five hundred twenty-five dollars nor more than one thousand five hundred dollars per annum. Between said limits such average annual earnings shall be determined as follows:

"(a) If 'the employee has worked in the employment in which he was working at the time of the injury, whether for the same employer or not, during substantially the whole of the year immediately preceding his injury,‾ his average annual earnings shall consist of three hundred times the average daily wage or salary which he has earned in such employment during the days when so employed.

"(b) If the employee has not so worked in such employment during substantially the whole of such preceding year, his average annual earnings shall consist of three hundred times the average daily wage or salary which an employee of the same class working substantially the whole of such year in the same or a similar employment in the same or a neighboring place shall have earned in such employment during the days when so employed.

"(c) In cases where the foregoing methods of arriving at the average annual earnings of the employee cannot reasonably and fairly be applied, such average annual earnings shall be taken at such sum as, having regard to the previous earnings of the employee, and of other employees of the same or most similar class, working in the same or most similar employment, in the same or a neighboring locality, shall reasonably represent the average annual earning capacity of the injured employee at the time of the injury.

"(d) In determining average daily wage, no day during which an employee has worked less than eight hours shall be

taken into consideration unless by agreement or custom a lesser number of hours' work constitutes the full day's service for such day. Subject to the maximum limitation the average daily annual earnings shall in no case be taken at less than the actual annual earnings."

The deceased worked on two hundred eighty-five days during the year preceding his death, but for a large part of the time he worked only a small portion of the day. He earned $841.62 during the year. His wage when working as a roofer, which was the business of his employer, was sixty-five cents per hour. When so engaged, he worked eight hours per day and six days per week whenever his employer had such work to be done. However, there was not always such work to be done, and when there was no such work, the employer tried to make work for him, and put him to work on his automobiles or repair work of various kinds on buildings that he owned. The employer's time sheet shows that he worked anywhere from one-half hour to eight hours per day. However, he worked eight hours only thirty-five days during the entire year. On two days he worked eight and a half and nine and a half hours, respectively. He worked as few as three days per week, but worked on five days for seventeen weeks and on six days for thirty-one weeks. His hours per week ranged from five to forty-four, but he worked forty-four hours only one week during the entire year, and his average hours per week were twenty-four and nine-tenths. The average hours per day for the two hundred eighty-five days on which he worked was four and forty-five hundredths. He worked only one-half hour on ten days; one hour on fourteen days; one and a half hours on twenty days; two hours on twelve days; and three hours on fifty-one days.

The commission considered that as the deceased worked on two hundred eighty-five days, he worked substantially the whole year, and that therefore par. (a) of the statute above stated formed the basis for computing the award. It

also considered that as par. (d) provides that no day during which an employee has worked less than eight hours shall be taken into consideration unless by agreement or custom less than eight hours constituted a full day's work, that paragraph also applied. Then, as it appeared in evidence that five and a half days of eight hours each constituted the customary week's work in the roofer's trade, it computed the average annual wage of the deceased by taking sixty-five cents an hour as the hourly wage, multiplying this by eight, the number of hours in a day, this by five and a half, the number of days in the week, and multiplying this by fifty, the number of weeks in the year given in sub. (1) of the statute. Sixty-five by eight by five and a half by fifty equals $1,430. Why, if pars. (a) and (d) applied, the commission did not take the daily wage as eight by sixty-five and multiply this by three hundred as par. (a) directs, which would make the average annual wage $1,560, does not appear.

The trial court found that for thirty per cent of the time the deceased worked he received only thirty-five cents an hour, and considered that it was therefore not fair to compute the average annual wage on a basis of sixty-five cents an hour. It therefore held that neither par. (a) nor (b) of the statute could "reasonably and fairly" be applied; that the average annual earnings should be computed under par. (c), and remanded the record to the Industrial Commission with directions to compute the award accordingly.

In opposition to the judgment of the circuit court the appellant urges that the time book of the employer shows that the deceased worked one thousand two hundred and eighty-eight hours during the year; that the deceased received a total wage of $841.62, which makes the average hourly wage for the year sixty-two and two-tenths cents; and that the action of the commission in taking sixty-five cents as the hourly wage was proper. But, regardless of this, we are of opinion that as the deceased worked only from one-half an hour to three hours a day for one hundred

seven of the days that he worked, and averaged only four and forty-five hundredths hours per day for the two hundred eighty-five days on which he worked, he cannot be held to have worked substantially during the whole year, and that par. (a) cannot be applied in computing the award. Taking eight hours as the day, four and forty-five hundredths hours is fifty-five hundredths of a day. Fifty-five hundredths of a year is six months and eighteen days. We can see no difference between working six months and eighteen days during the year and working four and forty-five hundredths hours a day for two hundred eighty-five days during the year. In neither case does the employee work substantially the whole year.

As par. (a) cannot be applied because the deceased did not work "substantially the whole year preceding his injury" we must consider whether par. (b) can be applied. The situation here involved is essentially the same as the staggered work involved in *Allis-Chalmers Mfg. Co. v. Industrial Comm.* 215 Wis. 616, 255 N. W. 887. There, under requirements of the National Recovery Act, three watchmen were employed, and their days' work was staggered so that one of them killed in the course of his employment was working only thirty-two hours a week. It was held that neither par. (a) nor (b) applied because the deceased's work was not continuous. It is only in case of continuous employment that the multiplication of the daily wage by three hundred approximates the annual wage, and only when such multiplying does approximate the annual wage can either of these paragraphs be "reasonably and fairly" applied. Here the work was not so nearly continuous as it was in the case cited. There the week's work was thirty-two out of forty-four hours. Here it was twenty-four and nine-tenths out of forty-four. Here the employer had two workmen whom he tried to keep employed as much as possible. He used them both alike, not by having them

both work alone and staggering their times of employment, but by having them both work on every day when there was anything to be done. This had the same effect upon their quantum of work as staggering their days of employment would have had.

We are of opinion that for the reasons stated in the opinion in the case above cited, neither par. (a) nor (b) of the statute can "reasonably and fairly" be applied in the instant case, and that the average annual earnings of the deceased must be computed, as held by the trial court, under par. (c) of the controlling statute. The subject is so fully discussed in the case cited that we see no reason for further discussion here.

*By the Court.*—The judgment of the circuit court is affirmed.