HARSH & CHAPLINE SHOE COMPANY and another, Appellants, vs. INDUSTRIAL COMMISSION and another, Respondents.

*October 11—November 5, 1935.*

*Charles H. Gorman* of Milwaukee, for the appellants.

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

FAIRCHILD, J. Experience having demonstrated the impossibility of having, at all times, and under all circumstances, a fixed wage base upon which to calculate the amount of an award to meet one of such exigencies, the legislature, in sec. 102.11 (2) (b), Stats., provided:

"If the employee has not so worked in such employment during substantially the whole of such preceding year, his average annual earnings shall consist of three hundred times the average daily wage or salary which an employee of the same class working substantially the whole of such year in

the same or a similar employment in the same or a neighboring place shall have earned in such employment during the days when so employed."

The injury in this case occurred after Zagrodnik had worked a short time less than four weeks as the operator of a scudding machine. He had not been employed as such an operator before, and no scudders had been employed in Milwaukee during the year preceding that in which the injury occurred. There was, therefore, no standard of wage peculiarly attaching to his employment existing in the factory where he was employed, or in the same neighborhood. The commission therefore followed the directions of the statute above referred to, and based its finding of an average wage on the fact that in the neighboring city of Racine a factory employed scudders, and that the earnings of one so employed averaged $24 per week. This information was acquired by the commission by correspondence, and the letters, by consent of all the parties, were made a part of the record.

The single question raised on this appeal is as to the proper wage base. We are of the opinion that the commission properly resorted to the method provided by sec. 102.11 (2) (b), Stats., in determining upon a standard or wage base, and used the same in calculating the award. Appellants contend that sec. 102.11 (2) (c) should have been applied. That section provides:

"In cases where the foregoing methods of arriving at the average annual earnings of the employee cannot reasonably and fairly be applied, such average annual earnings shall be taken at such sum as, having regard to the previous earnings of the employee, and of other employees of the same or most similar class, working in the same or most similar employment, in the same or neighboring locality, shall reasonably represent the average annual earning capacity of the injured employee at the time of the injury."

As is stated in that section, it is to be applied only when the annual earnings of the employee cannot reasonably and

fairly be determined by application of other methods set forth in par. (a) or (b) of that subsection. But the facts of the present case bring it directly under the requirements of par. (b). Zagrodnik, at the time of his injury, had been working for less than a month at scudding; he was a regular full-time employee, and worked eight hours a day. · The cases cited by appellant treated with situations wherein the claimant worked under a stagger system of employment which necessitated the application of par. (c). *Allis-Chalmers Mfg. Co. v. Industrial Comm.* 215 Wis. 616, 255 N. W. 887; *Glancy Malleable Iron Co. v. Industrial Comm.* 216 Wis. 615, 258 N. W. 445; *Hammann v. Industrial Comm.* 216 Wis. 572, 257 N. W. 612; *Presque Isle v. Industrial Comm.* 200 Wis. 446, 228 N. W. 589. Neither is the decision in *Builders' Mutual Casualty Co. v. Industrial Comm.* 213 Wis. 246, 251 N. W. 446, applicable to this case. This court there held that compensation on the basis of an eight-hour day was not proper when the party claiming compensation was only working six hours a day under an agreement to work a limited number of hours per day.

The objection that the award, as made, is based upon a wage in excess of the wage earned by Zagrodnik, is not well founded. If his wage had been in excess of this average earning or wage, and the time of employment had been the same, the ruling would have been applied in the same way. The brief period of employment does not fairly reflect his average earning capacity for a year. There cannot be a perfect exactness prescribed for the exigencies which may arise under the compensation act, and where the average annual earnings can be arrived at, as under the circumstances of this case, by the use of the rule prescribed by the legislature, that ruling must be followed.

*By the Court.*—Judgment affirmed.