HENDRIX v. WARD et al.

No. 33739.   June 6, 1950.

*219 P. 2d 203.*

Owen F. Renegar, of Oklahoma City, for plaintiff in error.

Homer L. Hurt, of Oklahoma City, for defendants in error.

HALLEY, J. This action was commenced by A. D. Ward and J. H. Gore, defendants in error, against Ollie Hendrix, plaintiff in error, to recover three times an alleged overcharge for rent under the provisions of the rent regulations of the Office of Price Administration, in the court of common pleas of Oklahoma county, A jury was waived, and the court found for the plaintiffs and rendered judgment in the

sum of $181.50, the exact amount of the alleged overcharge, and for $50 attorneys' fees. Plaintiffs tendered a remittitur of $50 and, by nunc pro tunc order, the amount of the final judgment was reduced by $50. From this judgment the defendant, Ollie Hendrix, has appealed. We shall refer to the parties as they appeared in the trial court.

Plaintiffs alleged that they were tenants of the defendant and occupied certain rental property, paying as rent therefor the sum of $15 per week, from January 24, 1947, to June 2, 1947. This property had not been registered with the Rent Office as required by law until March 24, 1947, when it was registered by the defendant as landlord. After registration and inspection by the Area Rent Office, and on June 20, 1947, an order was issued fixing the maximum rent at $6 per week, effective January 15, 1947, and ordering the landlord, Ollie Hendrix, to refund the amount of the overcharge to the tenants within 30 days from the date of the order. Defendant failed to make the refund. She alleged in her answer that she was not in fact the landlord until the last of March, 1947, and upon receipt of the refund order offered to refund to the plaintiffs the sum of $81, but this offer was not accepted. She also alleged that she became the landlord as executrix of her deceased brother's estate. The evidence of the plaintiffs was to the effect that they had paid the excessive rentals to the defendant for the entire period alleged by them, either directly or to her relatives for her. The defendant testified that she took the property over on March 15, 1947, and that some relatives had rented it before that date. That she tendered plaintiffs the proper refund from March 15, 1947, when she took over, but that defendants refused to accept the refund tendered. She alleged that this property was owned by her brother, who died January 14, 1947, leaving a will giving the entire property to her, and that she qualified as executrix of the estate on February 7, 1947, and that no other person had any interest in the property.

The court found that while the rent may have been too drastically reduced, the owners had failed to register the property as required by law, and rendered judgment for the actual amount of the overcharge, $181.50, and an attorney's fee of $50. The amount of the judgment was later reduced upon a remittitur of $50 tendered by the plaintiffs. The court must have found that the overcharge was not willful, nor the failure to use practicable precautions to avoid an overcharge, in denying plaintiff's prayer for treble damages. The rent regulations provide that treble damages may be recovered where the court finds that the overcharge is willful or the result of the failure of the landlord to use practicable precaution to avoid an overcharge.

The defendant presents only two propositions, which are as follows:

"Proposition I. That no personal judgment should have been rendered against Ollie Hendrix personally, but if any judgment was due to be rendered, it should have been rendered against Ollie Hendrix, executrix of the estate of O. H. P. Hendrix, deceased.

"Proposition II. That the nature of the judgment is for triple damages and a penalty for said judgment is improper for the reason that plaintiff in error, after learning that there was an overcharge, in good faith attempted to reimburse defendants in error, which defendants in error refused to accept."

There are no cases cited in support of either of these propositions. An examination of the entire record discloses that the question covered by the first proposition was not raised in the trial court. The evidence shows that Ollie Hendrix qualified as executrix of the estate of her deceased brother on February 7, 1947, and that the rental property here involved was devised to her by her deceased brother. Probate proceedings were still pending at the date

of the trial. Sec. 205 of the Housing and Rent Act of 1947, 50 U. S. C. A. App. §1895, provides:

"Any person who demands, accepts or receives any payment of rent in excess of the maximum rent prescribed under Sec. 204 shall be liable. . . ."

The defendant, Ollie Hendrix, registered the property on March 24, 1947, as landlord, and received the rentals, and she failed to raise the question of ownership in the suit; and in actuality she was entitled to the income of the property as of the time of her brother's death on January 14, 1947, which was prior to the renting of the property to plaintiffs.

It is contended that the judgment "is for triple damages and is a penalty judgment", and that it is erroneous because Ollie Hendrix offered to refund the overcharge, which offer was refused by plaintiffs. It is true that the record contains no evidence of a willful overcharge or of lack of proper precautions to prevent a violation of the rent regulations, which are necessary to justify a judgment for more than the actual overcharge. However, the remarks of the trial judge at the conclusion of the evidence show conclusively that he found and rendered judgment for the actual amount of the overcharge only. There was competent evidence to support the finding of an overcharge of $181.50, and no complaint is made as to the reasonableness of the amount allowed as an attorney's fee. We find no merit in the contention set out in the second proposition, in view of the record before us, and we see no reason to disturb the judgment rendered.

Judgment affirmed.

DAVISON, C. J., ARNOLD, V. C. J., and GIBSON, LUTTRELL, JOHNSON, and O'NEAL, JJ., concur.