**STANDARD LIFE AND ACCIDENT INSURANCE COMPANY, Plaintiff in Error,**

v.

**George R. BETHEL, Defendant in Error.**

No. 36528.

Supreme Court of Oklahoma.

May 3, 1955.

**532**

Wayne B. Snow, Savage, Gibson, Benefield & Shelton, Oklahoma City, for plaintiff in error.

Butler, Rinehart & Morrison, Oklahoma City, for defendant in error.

HALLEY, Justice.

The parties will be referred to as they appeared in the trial court.

■ This case was tried to the court without a jury. It was stipulated that plaintiff had purchased a health and accident policy from the defendant which covered plaintiff's wife. The policy took effect on September 6, 1946, and was in force for the period covering the treatments involved in this action.

Plaintiff's wife, in the fall of 1948, had an attack of Trichomonas Vaginitis. She received doctor's care and the defendant in 1949, paid for fifty treatments by a physician under the provisions of the policy.

On April 13, 1953, Mrs. Bethel went to a doctor for treatment and her case was diagnosed as (1) Trichomonas Vaginitis and (2) General Weakness. He made the following statement on January 26, 1954:

"* * * I wrote you one letter on November 30, 1953, stating that she had Trichomonas Vaginitis and that we had been giving her Thyroid Therapy, Estrogens and B–12 injections. The vaginitis mentioned above is an old condition which is well at the present time as a review of her chart does not show any treatments for this condition since April 13, 1953. At that time, a notation was made that the vaginitis examination was negative. She came in complaining of symptoms that were suggestive of Hyperinsulinism. She was extremely weak and shaky and nervous. The blood sugar did not bear out a diagnosis of this condition and we have been unable to determine the cause. * * *"

The defendant's position is that it has paid for fifty treatments of Trichomonas Vaginitis and that is all that it owes for the treatment under the policy and that it is not liable for the treatments in 1953.

We do not think this position is well founded for two reasons. The first is that under plaintiff's doctor's statement, Mrs. Bethel was suffering from an ailment other than the vaginitis and second if she was suffering again from Trichomonas Vaginitis it was a later attack after she had recovered from the earlier attack. There was nothing to show that Mrs. Bethel was continually sick from 1948 to 1953. The insurance policy defined sickness as follows: " 'Sickness' as used in this policy means bodily sickness or disease contracted and commencing after the date of this policy and causing loss of time commencing while the policy is in force." "Sickness" has been defined in Webster's New International Dictionary, Second Edition, as "illness", "ill health", "a disordered or weakened condition in general." There are other expressions used to define sickness. We will not say that the definition set out in the policy clearly shows that attacks of an ailment which are recovered from would prevent obtaining a judgment under the policy for a later attack. The policy further provided that "Payment shall not be made for more than one treatment per day, nor more than fifty treatments in the aggregate, as the result of any one accident or sickness." We think that if one has been sick from a particular ailment and has recovered therefrom that a later attack from the same malady would be a new sickness under the policy of insurance. We recognize that the word "sickness" has many and varied meanings but we believe that as used in this policy it was intended to cover illnesses and would not make a recurrence of an ailment the same sickness, especially in a case where several years had elapsed between attacks.

Many definitions of the word "sickness" are to be found in Corpus Juris Secundum and Words and Phrases, but to get the exact meaning intended to be conveyed its use must be considered. If the defendant meant to limit the word "sickness" to the narrow limits it now contends for, it should have done so in the policy.

■ The judgment of the trial court allowing the additional charges is sustained by the evidence and will not be disturbed

on appeal. Hendrix v. Ward, 203 Okl. 173, 219 P.2d 203.

Judgment affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, DAVISON, ARNOLD, BLACKBIRD and JACKSON, JJ., concur.