Royston C. CRANE, Appellant,

v.

BANKERS LIFE AND CASUALTY COMPANY, Appellee.

No. 3168.

Court of Civil Appeals of Texas.

Eastland.

May 13, 1955.

Rehearing Denied July 8, 1955.

H. R. Bondies, Sweetwater, for appellant.

Mays & Leonard, Sweetwater, for appellee.

GRISSOM, Chief Justice.

Judge Royston C. Crane sued Bankers Life and Casualty Company to recover hospital expenses incurred from November 16, 1953 to the date of the trial. The insurance company filed a motion for summary judgment, contending there was no issue of fact as to its liability because the admissions and depositions of plaintiff and his doctor conclusively showed plaintiff was confined in the hospital from April 10, 1953 to August 20, 1953 and that he returned to the hospital on November 16, 1953 and was still there at the time of the trial "as a result of the same physical infirmity, which produced a period of sickness, and which has been continuous since April 10, 1953;" that plaintiff's doctor testified by deposition that he had attended plaintiff continuously for the "same sickness" since April, 1953, and that the admissions to the hospital in both April and November were required by the same sickness.

The insurance company alleged the policy provided it should not be liable for hospital benfits for more than 120 days "for any one—continuous period of sickness;" that the undisputed evidence showed plaintiff received hospital benefits for 120 days following admission to the hospital on April 10th and, therefore, there was no further liability under the policy, except for $5, not used during his April admission for laboratory examinations, which was tendered plaintiff.

Plaintiff answered said motion to the effect that it was erroneously based on the theory that his sickness in both April and

November constituted "one continuous period of sickness"; that, in fact, he was not sick and suffered no disability from sickness from August 20th to November 16th, as shown by his depositions and that of his doctor, in which his doctor was asked whether Judge Crane had recovered from the sickness of April and answered: "Yes. He recovered to the extent that he was able to take care of himself from August 20, 1953 to November 16, 1953." Doctor Loeb was asked whether plaintiff's confinement in the hospital beginning November 16th was the result of "one continuous period of sickness" which commenced in April and continued to the "present" date. He answered: "No. He has not been continuously sick (though diseased) for he was able to take care of himself from August 20, 1953 to November 16, 1953." Judge Crane was asked what his physical condition was between August 20th and November 16th with reference to getting around and taking care of himself. He answered: "I had a room at the Earle Hotel, Sweetwater, Texas, with bath and toilet. I took care of myself, went to the cafe to eat, walked around town, went to the picture show, church and Sunday school, and took care of myself generally. I took my walks daily."

He further testified that, except for the limitations due to his age, he had no disability in movement and in getting around from August 20th to November 16th. Plaintiff answered that the admissions and depositions disproved the insurance company's contention that there was "one continuous period of sickness;" that they showed he was afflicted with senility when the policy was issued and that he stated in his application for the policy that he was 87 years old and his doctor had testified, in the deposition on file, that his greatest trouble was old age, of which the insurance company was advised when it issued the policy.

Plaintiff alleged the only question presented by the company's motion for judgment was whether there had been "one continuous period of sickness" and that the only evidence relative thereto was in his deposition and that of Dr. Loeb in which

they both testified there was not one continuous period of sickness; that from August 20th to November 16th plaintiff was not sick but "up and around" and able to take care of himself; that the sickness insured against was such impairment of health as required hospitalization; that disease was not the thing insured against; that, though diseased, his health between August 20th and November 16th was not such as to require hospitalization. Plaintiff then filed a motion for summary judgment alleging defendant had no defense; that plaintiff had not suffered one continuous period of sickness; that there was no dispute of the fact that on November 16th Crane became incapacitated by sickness that required that he be a resident patient in a hospital, where he has been necessarily and continuously confined since and that the charges, and expenses alleged by plaintiff were admitted to be correct, wherefore, he prayed for judgment.

Defendant's motion for summary judgment was granted. The judgment recites the court heard said motions and affidavits, depositions, admissions and other evidence relied on by the parties; that the only reason Crane was not entitled to recover was because the evidence showed said company paid Crane sick benefits for "a period of 120 days following the 10th day of April, 1953, and that such sickness continued from said date and plaintiff suffered a continuous period of sickness from April 10th to November 16th, 1953." However, the judgment recites that but for said finding plaintiff would be entitled to recover as prayed for in his petition, with $200 attorney's fees, which was agreed to, "the court finding all allegations of fact presented by plaintiff in his petition and in sections numbered No. 2, No. 3, No. 4, No. 5, No. 6 and No. 7 in his motion, to be true and correct, without contradiction or dispute." Sections No. 4, and No. 7 of Crane's motion for summary judgment, found to be true by the trial judge, were, in substance, that it was conclusively proved that, on November 16, 1953, Crane became incapacitated and disabled by sickness which has necessitated continuous confinement in a hospital since

said date. This was undisputed. It was admitted that the hospital charges and expenses alleged were correct. $200 attorney's fees was agreed to, provided appellant was entitled to recover.

The policy provides that appellee "does hereby insure" Royston C. Crane "against loss by reason of hospital expenses incurred—." This is followed by a schedule fixing the rate to be paid for hospital residence at $4 per day. The policy then continues, insofar as is here material, "and will pay the indemnifying benefits hereinafter set forth for hospital residence, hospital expenses and surgery resulting from—sickness—.

"Part One

Hospital Benefits

"For—sickness—the Company will pay to the Insured the expense actually incurred in a hospital—as specifically set forth and limited herein the following:

"(A) Hospital Residence. Expenses actually incurred not exceeding the rate per day as specified in the schedule on the first page hereof for the period the member—shall necessarily be a resident patient within any hospital, not exceeding (120) hospital days for any one continuous period of sickness—."

The policy then provides for limited payments for certain hospital charges for use of an operating room, for anesthetics, X-ray, laboratory, ambulance, blood transfusions, oxygen and use of an iron lung "as a result of any one—sickness."

The policy provides that written notice of sickness on which a claim may be based must be given "within ten days after the commencement of disability from such sickness."

The trial judge found there was "one continuous period of sickness" from April 10th to November 16th, within the meaning of the quoted phase as used in the policy, but found all the facts in favor of Crane. The controlling facts are admitted or undisputed.

The policy insured plaintiff against loss by reason of hospital expenses incurred while he was necessarily a resident patient in a hospital, not exceeding 120 hospital days "for any one continuous period of sickness." Strictly speaking, sickness was not insured against, but loss by reason of expenses incurred as a result of a sickness so serious that it required that Crane be a resident patient in a hospital. But, this was limited to 120 days "for any one continuous period of sickness." The meaning of the just quoted limitation, as applied to the facts of the case, is the question in controversy.

It is true that Judge Crane was suffering from the same disease or affliction, chiefly old age, when he entered the hospital in November as when he entered the hospital in April. But, after he was discharged from the hospital on August 20th, until he reentered the hospital on November 16, 1953, he was not suffering from a sickness which necessitated that he be a resident patient in a hospital. That was the only kind, or degree, of sickness insured against and for which he could recover his expenses. It is undisputed that from the time he was discharged from the hospital, in August, because his condition did not require hospitalization, until his return to the hospital on November 16th, plaintiff lived at a hotel, went to the cafes to eat, attended shows and church, took daily walks and took care of himself without assistance. From August 20th to November 16th, although afflicted with senility and attending conditions, he was not then suffering from "sickness" within the meaning of the policy, that is, sickness which necessitated that he reside in a hospital. Mutual Benefit Health & Accident Ass'n v. Milder, 152 Neb. 519, 41 N.W.2d 780, 796. From April 10, 1953 to the trial, October 27, 1954, there was not "one continuous period of sickness" within the meaning of the policy. It is conclusively shown that there was a break, a cessation, an interruption, in the type, or degree of sickness insured against and for which appellee agreed to pay the expenses. The language used in Bolton v. Inter-Ocean

Life & Casualty Co., 187 Mo.App. 167, 172 S.W. 1187, 1190, is applicable here:

"But in health insurance each disability furnishes a new ground for a claim, provided it is produced and arises after and not before a former claim for disability is made. When plaintiff settled for the first sickness, that was a settlement of that cause of action; and, when another attack seized and disabled him, that was another and a different cause of action. It was not a result growing out of an event for which he had fully settled. The case of Clanton v. Travelers' Protective Ass'n, 101 Mo.App. 312, 74 S.W. 510, cited by defendant, was where plaintiff settled for an accident, and then sought to recover additional indemnity for results growing out of the same accident. Consequently it is not applicable. The case of Martin v. Manufacturers' Accident Indemnity Co., 151 N.Y. 94, 45 N.E. 377, is inapplicable for the same reason. The case of Conroy v. Equitable Accident Co., 27 R.I. 467, 63 A. 356, was on a policy of health insurance, but there the illness was one continuous illness. It began and lasted uninterruptedly for ten weeks. For some reason the plaintiff did not wait until after the termination of his disability, but obtained the proper blanks, had them filled, and returned to defendant, and presented his claim for only 16 days of that time. The company settled in full for that sickness, and he brought suit to recover an additional amount for the same sickness. The court held that, as he had settled in full for it, he could not recover. But in the case at bar, the disability for which plaintiff was paid had ended, and the one for which he now sues was another disability, although it was caused by a recurrence of the same disease."

See also Wolfe v. State, 127 Tex.Cr.R. 213, 75 S.W.2d 677; Jordan v. Jordan, 69 Idaho 513, 210 P.2d 934, 936; Vieau v. Common Council of City of Chippewa Falls, 235 Wis. 122, 292 N.W. 297, 299; American Casualty & Life Co. v. Mason, Tex.Civ. App., 244 S.W.2d 691 (RNRE); Oonk v. Monarch Acc. Ins. Co., Mo.App., 199 S.W. 2d 416, Id., Mo.App., 211 S.W.2d 496; Bradshaw v. Aetna Life Ins. Co., 208 N.C. 214, 179 S.E. 665; Hammann v. Industrial Commission of Wisconsin, 216 Wis. 572, 257 N.W. 612; Boyle v. Howe, 126 Fla. 662, 171 So. 667; Kennedy v. Westinghouse Electric Corp., 29 N.J.Super. 68, 101 A.2d 592.

The trial court found the facts for plaintiff. They were not disputed. Under our interpretation of the policy appellant is entitled to recover expenses incurred, as limited in the policy, for 120 hospital days and, the expenses and attorney's fees having been agreed to, judgment must be rendered for plaintiff.

Defendant says the judgment should be affirmed because plaintiff is not the owner of the cause of action sued on. This is based on a statement by Crane in a claim filed with appellee. Plaintiff says it was then contemplated the claim would be assigned to the hospital but that it was never done. We cannot affirm the judgment on this theory because the case was not tried on such a theory. There was neither pleadings nor evidence with reference thereto, except that it appears, incidentally, in said "claimant's statement for accident or illness." Defendant had the instrument containing such statement in its possession and, if it were entitled to take advantage thereof, it should have alleged the assignment so that the facts might have been developed on the trial.

The judgment is reversed and the cause remanded with instructions to render judgment for appellant. See Pollack v. Pollack, Tex.Com.App., 39 S.W.2d 853, 859.

### On Motion for Rehearing.

We have heretofore reversed the judgment with instructions to render judgment for appellant. Appellee contends that if the judgment is not affirmed the case should be remanded for a trial on its merits. We adhere to our interpretation of the pol-

icy. Appellant's contention that the incontestability clause is applicable and controls the decision is overruled. Appellee contends, among other things, that appellant has assigned his claim against the insurance company. Since the judgment must be reversed and it was rendered on appellee's motion for summary judgment and there has been no trial on the merits it should not be rendered if there is any matter of fact to be determined or if justice may be better served by a remand.

Our former judgment is set aside. The judgment is reversed and the cause remanded for a trial on the merits.