WASHINGTON NATIONAL INSURANCE COMPANY, Appellant,

v.

Abe KOHLENBRENER, Appellee.

No. 13528.

Court of Civil Appeals of Texas.

San Antonio.

Nov. 18, 1959.

Rehearing Denied Dec. 16, 1959.

G. Woodson Morris, San Antonio, for appellant.

Eskridge, Groce & Hebdon, Frank P. Christian, San Antonio, for appellee.

BARROW, Justice.

This is a suit for monthly disability payments under a policy of insurance. The plaintiff, Abe Kohlenbrener, filed a motion for summary judgment on the merits while the monthly payments were still accruing, and summary judgment was granted. Plaintiff filed a second identical motion for summary judgment after all the remaining monthly payments had accrued, and the summary judgment was granted for a second time. Each of these motions was answered by defendant, Washington National Insurance Company, but no dispute as to the facts was raised. The question of reasonable attorney's fees and statutory penalties was tried before the court without a jury, at a later date, and judgment was rendered for the plaintiff. From the final judgment, the Insurance Company has appealed.

By its first point appellant contends that its liability is confined to the payment of twenty-four months of disability for any one sickness, that all sicknesses and disabilities were caused by heart disease, it being undisputed that appellee had this disease or malady during all the period of time covered by the four separate sicknesses; that its total liability to appellee is limited to twenty-four months at $200 a month, or $4,800 for all four periods of disability. More precisely stated, appellant contends that the expres-

sion "but not exceeding twenty-four months for any one sickness," has reference to the original disease, malady or bodily infirmity which is the cause of the sickness and resulting disability. We do not agree with appellant's contention. We think it is clear that while appellee was suffering from a heart ailment during the entire time, it was only to the extent that it resulted in the disability which prevented him from performing the duties of his usual vocation that was covered by the policy, and that the provision of the policy relates to the sickness resulting in disability and not its cause.

In the instant case it is not disputed that the insured, Abe Kohlenbrener, had heart disease for several years. It is not disputed that he had four separate attacks or illnesses caused by such heart affliction. That after the first three periods of illness he recovered and returned to his usual duties. That the appellant paid him for each of these periods of illness and disability. That his last illness involved in this suit, from which he was totally and continuously disabled to perform the duties pertaining to his occupation, began in March, 1957, and continued without any recovery for more than twenty-four months, during which time he was under the regular care and attendance of a legally qualified physician. That during all four periods of illness and the intervals in between them he continuously had the heart trouble which caused each of the four attacks and periods of illness and disability. The record further shows that appellant has paid him for the first 377 days of the two-year period of illness, but refuses to pay for the last 353 days, except the sum of $146.69, which it tendered.

Appellant had paid insured, during the four periods of disability brought about by heart attacks, a total sum of $4,653.31. Therefore, it tendered to appellee the sum of $146.69, which it contends is all it owes under its interpretation of the policy.

The rule applicable to the question is well settled in Texas. In Crane v. Bankers Life and Casualty Company, Tex.Civ.App., 281 S.W.2d 117, 120, the insurer issued a policy which insured plaintiff against loss by reason of hospital expenses while he was necessarily a resident patient in a hospital not exceeding 120 hospital days for one continuous period of sickness. The insurer there made the same contention as appellant does here. The Court, in passing upon the contention, said:

"Strictly speaking, sickness was not insured against, but loss by reason of expenses incurred as a result of a sickness so serious that it required that Crane be a resident patient in a hospital. But, this was limited to 120 days 'for any one continuous period of sickness.' The meaning of the just quoted limitation, as applied to the facts of the case, is the question in controversy.

"It is true that Judge Crane was suffering from the same disease or affliction, chiefly old age, when he entered the hospital in November as when he entered the hospital in April. But, after he was discharged from the hospital on August 20th, until he re-entered the hospital on November 16, 1953, he was not suffering from a sickness which necessitated that he be a resident patient in a hospital. That was the only kind, or degree, of sickness insured against and for which he could recover his expenses."

In Old National Insurance Company v. Johnson, Tex.Civ.App., 312 S.W.2d 715, 716, the insurer had issued a policy which provided for reinstatement in case of default. The reinstatement clause provided that the insured would be covered for only those sicknesses which began more than ten days after acceptance of the premium. The evidence showed that before the policy was reinstated the plaintiff had a hernia, but that it was not until considerable time thereafter that he became sick because of it and was unable to carry on his normal activities. The insurer in that case made the same contention as ap-

959

pellant does here. The Court in disposing of the contention said:

"It is appellants' contention that because appellee had a hernia prior to June 4, 1956, the date the policy was reinstated, that his 'sickness' began 'more than ten days after the date of such acceptance,' and that his recovery herein is barred by the above quoted provision. It is our opinion that the provision of the policy relates to sickness and not to its cause."

The above holdings are in accord with those of other jurisdictions. 45 C.J.S. Insurance § 893, p. 972. No authority holding to the contrary has been cited, nor have we found any.

■ By its second point appellant contends that the court erred in rendering judgment for 12% damages and attorney's fees, because appellee made no demand within the scope and purview of Article 3.62, Texas Insurance Code, V.A.T.S., such as to warrant the attachment thereof.

Under this point appellant contends that appellee neither plead nor proved the demand for payment such as is required by Article 3.62, supra.

While it is true that appellee did not specifically allege a demand, but in his original petition he alleged that he had been forced to employ attorneys to enforce collection of sums due him under the policy. He then alleged: "The laws of the State of Texas provide that Mr. Kohlenbrener can recover reasonable attorney's fees in this case, * * *." Substantially the same allegation was made in his amended petition. This allegation amounts to a legal conclusion of the pleader which embodies and includes the fact of making the demand for payment as is required by law. The appellant did not except to the pleadings, and therefore waived such defect. Rule 45, Texas Rules of Civil Procedure. Moreover, the issue of attorney's fees was tried without objection to the evidence introduced thereon. Therefore, the deficiency of pleading was waived. Rule 90, T.R.C.P.

Appellant further contends that the appellee did not introduce any proof of a demand for payment such as is contemplated and required by Art. 3.62, supra. We note that in each and every answer filed in the case, appellant alleged the filing of appellee's claim with it, which, with the claims theretofore filed and paid by it, totaled the sum of $4,653.31, and that on or about May 29, 1958, it tendered the sum of $133.13, and later tendered the additional sum of $13.36. These sums being tendered in full and final settlement of all liability on said policy. Thus it is evident that appellant treated appellee's claim as a demand for payment. Its tender amounted to a refusal of any claim in excess of the amount tendered. Thus a formal demand for payment would have been useless and is not required. National Life & Accident Insurance Company v. Dove, 141 Tex. 464, 174 S.W.2d 245; Reserve Life Insurance Company v. Miller, Tex.Civ.App., 300 S.W.2d 343. No claim is made that the attorney's fees allowed are excessive. Appellant's second point is overruled.

The judgment is affirmed.