## Millar v. Columbia Accident & Health Insurance Company

*Hartman, Underhill & Brubaker,* for petitioner. *Barley, Snyder, Cooper & Barber,* contra.

BROWN, *S.J.*, July 2, 1979—Before the court in the above matter is a petition for declaratory judgment filed by James W. Millar against Columbia Accident & Health Insurance Company.

At issue in the case is an interpretation of the policy of insurance, insuring petitioner against certain loss resulting from injury and sickness. A copy of the policy is attached to the petition and marked "Exhibit A."

This case was listed for non-jury trial before the writer of this opinion. At the pre-trial conference, counsel for the respective parties agreed to submit the matter to the court on the pleadings, briefs, and a stipulation of facts. The stipulation of facts is as follows:

"1. All averments of fact contained in Paragraphs 1 through 14 of Petition for Declaratory Judgment are stipulated to be true and correct.

"2. Petitioner is a 53 year old white male who is and was during all times relevant to this action the Chief of Police of Marietta Borough, Lancaster County, Pa.

"3. Petitioner's disability in December of 1972 and January of 1973 was due to an acute subendocardial infarction or heart attack. Petitioner recovered from this attack and returned to work on January 27, 1973.

"4. Petitioner's disability from May 31, 1977 to October 1, 1977, was due to a left carotid stenosis which is a narrowing of the carotid artery to the left side of the brain and to occlusion of the abdominal aorta below the renal arteries which caused blockage in the main vessel going to his legs. Both of these conditions were corrected by operations in June, 1977, and Petitioner recovered and returned to work on October 1, 1977.

"5. Petitioner's disability from January 3, 1978 to July 17, 1978, was due to an inferior myocardial infarction or heart attack. As a result of this attack, Petitioner had implanted a permanent transvenous pacemaker. Petitioner recovered from this attack and returned to work on July 17, 1978.

"6. The conditions described in Paragraphs 3, 4, and 5, are caused by diffuse vascular and cardiovascular disease, involving and manifesting itself throughout many systems of Petitioner's body."

As a result of the above stipulation the sole issue before the court is whether the illness of petitioner from January 3, 1978 to July 17, 1978, is compensable under the aforesaid policy of insurance. A history of the case is in order.

On February 24, 1968, defendant, Columbia Accident & Health Insurance Company, issued to petitioner a policy of insurance providing for disability benefits for certain loss resulting from injury or sickness. This was a written policy and a copy is attached to the petition and marked as Exhibit A. On December 27, 1972, while this policy was in effect, petitioner suffered a heart attack and was hospitalized and treated. As a result of this heart attack, petitioner was disabled and prevented from returning to work until January 27, 1973. He submitted to defendant a claim for monthly sickness indemnity benefits because of this attack which was accepted and paid by defendant.

On May 31, 1977, while this policy was still in effect, petitioner developed a narrowing and occlusion of the left carotid artery and the vessels going to his legs. This caused petitioner to be hospitalized and treated resulting in his disability and loss of work until October 1, 1977. He again submitted to

defendant a claim for monthly sickness indemnity benefits which was paid in the maximum amount allowable under the policy, being $750.

On January 3, 1978, again while this policy was in effect, petitioner suffered another heart attack which caused him to be hospitalized and treated. Because of this, he was continuously disabled and prevented from returning to work until July 17, 1978. In accordance with the policy provisions, petitioner submitted a claim for monthly sickness indemity benefits as a result of this disability. This claim was denied for the reason given that the maximum allowable had already been paid for the May 31, 1977-October 1, 1977, period of disability. Petitioner was subsequently informed by defendant that his claim was rejected on the grounds that all three periods of disability were the result of "one sickness" that being cardiovascular disease and that the maximum benefits had already been paid for any disabilities resulting from this disease.

On February 9, 1979, petitioner filed his petition for declaratory judgment with this court. An answer was filed by defendant on March 1, 1979. This case was thereafter placed on the non-jury trial list and it was subsequently agreed between the court and counsel that this matter could be submitted to the court on briefs and facts to be stipulated upon by counsel. Petitioner claims that these periods of disability are separate and not the result of one sickness within the meaning of the policy. We feel the cases construing these terms to refer to particular periods of disability or sickness are persuasive. Basically, they are premised on the fact that "health, accident, and disability policies are not purchased with the idea that they insure against sickness, but

instead with the idea that they insure against loss by reason of sickness so severe as to disable or hospitalize the insured." 61 A.L.R. 3d 886. One of these cases, Washington National Insurance Co. v. Kohlenbrener, 329 S.W. 2d 956 (Tex. Civ. App. 1959), is almost factually identical to the present case. That case also involved an action for monthly disability payments because of sicknesses and disabilities caused by heart disease and it was undisputed that the insured had this disease during all the period of time covered by the four separate sicknesses. However, as in this case, the insured recovered and returned to his usual duties during the periods between these separate attacks. That case relied on Crane v. Bankers Life and Casualty Company, 281 S.W. 2d 117 (Tex. Civ. App. 1955), also cited in the annotation. The court in Kohlenbrener stated:

"We think it is clear that while appellee was suffering from a heart ailment during the entire time, it was only to the extent that it resulted in the disability which prevented him from performing the duties of his usual vocation that was covered by the policy, and that the provision of the policy relates to the sickness resulting in disability and not its cause." 329 S.W. 2d at 958.

Finally, in Standard Life and Accident Insurance Company v. Bethel, 283 P. 2d 531 (Okla. 1955), the court, in construing the clause "as the result of any one accident or sickness," stated:

"We think that if one has been sick from a particular ailment and has recovered therefrom that a later attack from the same malady would be a new sickness under the policy of insurance. We recog-

nize that the word 'sickness' has many and varied meanings but we believe that as used in this policy it was intended to cover illnesses and would not make a recurrence of an ailment the same sickness, especially in a case where several years had elapsed between attacks." 283 P. 2d at 532.

In construing the meaning of this provision, the court should keep in mind the well-settled principle that where the language of a policy prepared by insurer is either ambiguous, obscure, uncertain or susceptible to more than one construction, the court must construe that language most strongly against the insurer and accept the construction most favorable to the insured: Patton v. Patton, 413 Pa. 566, 198 A. 2d 578 (1964); Blocker v. Aetna Casualty and Surety Company, 232 Pa. Superior Ct. 111, 332 A. 2d 476 (1975). As the cases cited above indicate, there are two possible constructions of the "any one sickness" provision and the one favoring coverage must, therefore, be chosen. This principle must be applied even though the policy is of the type of health-accident insurance which is offered at a low premium and conceivably sold in high volume such as a policy involved here. See Mohan v. Union Fidelity Life Insurance Company, 207 Pa. Superior Ct. 205, 216 A. 2d 342 (1966).

Furthermore, a construction favoring the insured is strengthened where the insurer could have used an alternative or more precise language to put the matter beyond reasonable question: Celley v. Mutual Benefit Health and Accident Association, 229 Pa. Superior Ct. 475, 324 A. 2d 430 (1974). If defendant wanted to limit the clause "any one sickness" to the narrow limits it now contends, it could

have and should have phrased it differently or included a definition of the term "sickness" within the policy giving it the meaning that it desired. See *Standard Life and Accident Insurance Company v. Bethel, supra;* cf. *Washer v. Continental Casualty Co.,* 418 S.W. 2d 900 (Tex. Civ. App. 1967) (involving an insurance policy containing an explanation of the term "one sickness").

## ORDER

And now, July 2, 1979, the court determines that petitioner plaintiff is entitled to recover from defendant and enters judgment in favor of James W. Millar and against Columbia Accident & Health Insurance Company, defendant, in the amount of $750 with interest at the rate of six percent per annum from July 17, 1978, to be computed to the date of payment.